ARIX v. ARIX.

1. DIVORCE—CROSS-BILL—ADULTERY OF PLAINTIFF SUBSEQUENT TC
   FILING BILL—EVIDENCE—ADMISSIBILITY.

   In a suit for divorce by the wife, evidence of her adulterous
   conduct between the time of the filing of her bill and the
   hearing was competent, and should have been taken into
   consideration by the court below in determining defend-
   ant's right to a decree upon his cross-bill.

2. SAME—DECREE ON CROSS-BILL—CUSTODY OF CHILD.

   Where defendant's cruelty, consisting of threats of personal
   violence and the imputation of unchastity, if not war-
   ranted, were at least excusable, the decree for plaintiff will
   be reversed and one entered in this court for defendant
   on his cross-bill, giving him also the custody of the 5-year-
   old son, the record showing that plaintiff was not a fit
   person, she being addicted to profanity and associating the
   child with her paramour who was also very profane.

3. SAME—WELFARE OF CHILDREN.

   The welfare of the offspring of the parties is one of the
   chief considerations of the court in granting a decree of
   divorce.

Appeal from Wayne; Black (Edward D.), J., pre-
siding.    Submitted October 12, 1920.    (Docket No.
78.)    Decided December 21, 1920.

Bill by Veneranda M. Arix against Gustaf Arix for
a divorce.    Defendant filed a cross-bill for a divorce.
From a decree for plaintiff, defendant appeals.    Re-
versed, and decree entered for defendant.

*William Henry Gallagher,* for defendant.

BROOKE, J.    The parties to this divorce action were
married in June, 1907, and lived together until March,
1918, except for about the period of one year, when

For authorities discussing the question of charges of adultery
as grounds for divorce, see notes in 18 L. R. A. (N. S.) 300;
34 L. R. A. (N. S.) 360.

plaintiff was absent in Belgium, and for the further period of about one month, when defendant left plaintiff and went to Kansas City. The record discloses the fact that serious trouble has existed between the parties, growing out of the fact that defendant has frequently charged plaintiff with infidelity. She filed her bill of complaint in March, 1918, charging defendant with extreme cruelty, in that he had frequently threatened her with personal violence and had charged her with adultery with various persons and had habitually called her names imputing lack of chastity. Defendant filed an answer to said bill of complaint on April 9, 1918.

The case came on to be heard on November 4, 1919, at which time a cross-bill was filed by defendant, in which he charged plaintiff with extreme cruelty toward himself and with adultery with Edmund Van Renterham. The parties have one child, a boy now about five years of age.

An examination of the record discloses the fact that the parties, foreigners by birth, are accustomed to the use of intoxicating liquors, to the habitual use of profanity, and that they are of lax morality. Plaintiff's testimony tended to support her charge that defendant had frequently accused her of infidelity. Defendant's testimony, offered under his cross-bill, showed that Van Renterham, who had been a soldier in France, returned to Detroit in the spring of 1919, subsequent to the time the plaintiff filed her bill for divorce; that immediately upon his return, and late at night, he visited the house of plaintiff, remaining all night, upon which occasion plaintiff's uncle was likewise in the house. Shortly after Van Renterham's return, he took up his abode with plaintiff, nominally as a boarder, living with her for some months alone, except for the presence of her four-year-old child. So far as the record discloses, he was still living with her

at the time of the hearing. Van Renterham was a witness produced by the plaintiff. His testimony indicates a marked lack of frankness (not to characterize it by an uglier term) and is interspersed with such profanity as we have never seen spread upon the records of a court of justice.

The learned circuit judge, in disposing of the case, in the earlier part of his opinion, said:

"* * * I think I will tell you frankly, I don't calculate to give any divorce. I think both of them could have done differently and made the home life more pleasant, but the trouble in this case has been the interference of their own country people."

After a review of the testimony, the court continued:

"I am going to give the decree to the plaintiff. I am going to give her the custody of the child with no permanent alimony to herself. Six dollars a week to be paid to the child, the father having the privilege of seeing their child * * * every other Sunday if he wishes to."

The court was of the opinion that evidence of the adulterous conduct of the plaintiff between the date of the filing of her bill and the filing of the cross-bill could not be considered by him in determining defendant's right to a decree upon his cross-bill. In this we think the court was in error. The mere filing of her bill of complaint did not cancel the marriage relation between her and defendant, and any evidence of misconduct on her part subsequent to that date and before the filing of the cross-bill and the hearing thereon was competent as bearing upon the rights of the parties. Had the learned circuit judge given proper consideration to this class of testimony, we are satisfied he would have reached a different conclusion.

In the disposition of cases of this kind, a major consideration is, and always should be, the welfare of the

unfortunate offspring of the parties. The evidence of this plaintiff, given in open court, and the other evidence in the case indicates that she herself is addicted to the use of profanity. In disposing of the matter, the learned circuit judge said:

"With a child of that age, I do not think it is proper to take it away from the mother, and I would say to the mother now, the testimony shows you used profanity. I would not do so; I do not think it is necessary for either man or woman, in bringing up a little boy."

Coupled with this fact is the fact that the plaintiff associates with her child her paramour, Van Renterham, whose influence, as indicated by his testimony, cannot but be very harmful to the morals of a growing boy.

We have reached the conclusion that the cruelty of which the circuit judge found defendant guilty—that is, of threats of personal violence and the imputation of a lack of chastity—were, if not warranted by the facts, at least excusable, and that a divorce should have been granted defendant on his cross-bill upon the ground of adultery, together with the custody of the child. Such a decree will be entered in this court.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.