TAYLOR v. TAYLOR.

1. APPEAL AND ERROR—CHANCERY CASES—DIVORCE—DE NOVO RE-
VIEW.
Review of divorce case is *de novo* since it is a chancery hearing.

2. DIVORCE—PUBLIC POLICY—EXTREME CRUELTY—EVIDENCE.
Decree of divorce *held*, to have been based upon trial judge's
conclusion that plaintiff wife had established extreme cruelty
by a preponderance of the evidence rather than upon public
policy, also discussed in his opinion.

3. SAME—JURISDICTION—QUESTIONS REVIEWABLE ON APPEAL.
Although question of jurisdiction of court to hear suit for
divorce was not raised on the hearing in the trial court nor
assigned as reason or ground for appeal, a defendant is at
liberty to raise the question on appeal and Supreme Court
would dismiss the suit if it found a want of jurisdiction be-
cause plaintiff had failed to prove her domicile.

4. SAME—JURISDICTION—PLEADING—EVIDENCE.
Where sworn bill of complaint and sworn answer thereto showed
residence of plaintiff to be in county in which suit was brought
and such allegations were supported by testimony and there
was no testimony disputing it, objection to jurisdiction of the
court was not well founded.

5. SAME—EXTREME CRUELTY—EVIDENCE.
In wife's suit for divorce because of husband's extreme cruelty,
evidence that he used vile and opprobrious language toward her
warranted a decree in her favor.

6. SAME—DIVISION OF PROPERTY.
In suit for divorce between parties who had each been pre-
viously married, decree finding household goods to be worth
$500 and affording wife opportunity to pay husband $250 and
have the property, and if same were declined by her, afford-
ing husband like opportunity, and equally dividing $710 bank
account in lieu of dower *held*, a just disposition of property
and alimony matters.

Appeal from Genesee; Gadola (Paul V.), J. Submitted June 8, 1945. (Docket No. 54, Calendar No. 42,662.) Decided October 8, 1945.

Bill by Elizabeth B. Taylor against Russell E. Taylor for a divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*McTaggart & Krapohl,* for plaintiff.

*Sherman M. Bean,* for defendant.

REID, J. The decree in this contested divorce case was rendered in favor of plaintiff on the ground of extreme cruelty. Defendant appeals.

Defendant claims that the testimony was insufficient to support a decree, that the plaintiff's allegations were not proven by a preponderance of the evidence, that the decree was rendered on the grounds of public policy, and that plaintiff failed to prove the domicile of plaintiff, as the result of which the court was without jurisdiction. This being a chancery hearing, we hear the case *de novo.*

Plaintiff produced convincing testimony to establish the fact that defendant used vile and oppobrious words in speaking to her and about her within her hearing, accused her of a want of chastity and upon at least one occasion used personal violence upon her. The testimony is all one way, that she was of good character. Defendant was frequently drunk, on which occasions he was guilty of the conduct complained of. He explains his intoxication by saying that the plaintiff went with him to beer parlors and encouraged him in his intoxication, which claim on the part of the defendant we find not proven. Plaintiff testified that she was obliged to leave him on three different occasions on account of

his drunken condition, but on former occasions she came back on a promise of good conduct. She says she "got kicked out the last time" and was obliged to leave with none of her effects and only the clothing that she had on.

In his opinion the trial court says,

"Although our courts have held time and time again divorces shall not be granted on any matter of public policy, still it is very apparent these parties are going to be recurrent in their complaints to the court and they will not live together. They can get a divorce today and make an application for a marriage license tomorrow and the court cannot prevent it. There is no way of knowing relative to that. They have tried three separate times to get along."

A careful reading of the entire opinion of the circuit judge would not warrant the conclusion that he based his decree on a matter of public policy, but on the contrary, came to a conclusion that the plaintiff had established her case by a preponderance of evidence.

On the question raised by defendant that plaintiff failed to prove the domicile of plaintiff, and that the court was without jurisdiction, we find this not sustained by the record. Although that question was not raised on the hearing in the trial court, nor assigned as reason or ground for appeal, defendant nevertheless is at liberty to raise that question and we would dismiss the suit if we found a want of jurisdiction on such ground. See *Lehman* v. *Lehman, ante,* 102, in which case, however, neither in the pleadings nor in the testimony was there anything to show that the plaintiff lived in the county of Chippewa, the bill of complaint having been filed in the circuit court for the county of Chippewa in chancery.

In the instant case the plaintiff swears in the bill of complaint,

"2. That plaintiff is a resident of the city of Flint, in the county of Genesee and State of Michigan, and has resided in the State of Michigan for a period upwards of two years immediately preceding the commencement of this suit."

The bill of complaint waived verification of defendant's answer. However, defendant filed a sworn answer and therein admits the quoted allegation in paragraph 2 of the bill, so that we have the sworn statement of plaintiff in the bill and the sworn statement of defendant in his answer, showing the residence of plaintiff, requisite to jurisdiction.

We assume that the objection to the jurisdiction raised by defendant is therefore based on the supposed want of testimony to show such alleged residence for the period as claimed by plaintiff and admitted by defendant. Defendant upon being sworn was asked by his attorney,

"*Q.* You live here in Flint?
"*A.* Yes.
"*Q.* You are the defendant in this case?
"*A.* Yes."

In the testimony the "home" of the parties is spoken of as 2117 Mt. Elliott. The residence of the parties is several times spoken of in the testimony as the "home," with no, slightest indication of a variance during the course of their married life, which lasted about three years. Plaintiff's married daughter, Joyce Long, testified about an occasion around the first of February, 1942, when her mother was ill, and testified that in March, 1942, the witness came back again from Petoskey, where she had been living, and that she and her husband then

"moved down *here*" to stay with and take care of her mother, plaintiff, who was then living at the "home" of the parties. The hearing on which she gave this testimony was held in Flint, Michigan, and when Mrs. Long testified she came "here" to live, she meant at Flint, Michigan. Mrs. Long further described in her testimony an occurrence in May, 1942:

"We were downtown shopping and when we came home he was not to home; we was down the street, went over to the grocery store, went up *North Saginaw* to the tea store, came back home, he still wasn't to home. When he came in he accused her of being out with a man, then he went upstairs and started to go to bed, and he came back downstairs and said it was my fault, I caused all the arguments in the household. Then he turned around and started into mother and called her vile names, called me vile names, talked about my father to me."

There is no showing whatsoever in the testimony to dispute or contradict the sworn bill and answer alleging residence as above recited. There is corroboration in the testimony for such allegation of the residence. The objection to the jurisdiction is not well founded.

Each of the parties has been married before. Plaintiff's husband died; the defendant was twice divorced from his former wife. Each of the parties has issue of prior marriage but there are no children of this marriage.

The decree for plaintiff, Elizabeth B. Taylor, found the value of the household goods to be $500, decreed that the plaintiff may elect to take the personal property and pay defendant $250 and in case she does not elect so to do, the defendant can take the household goods and pay plaintiff $250. If

neither make such an election within 30 days from date of the decree, the matter will then be brought before the court for further distribution. The bank account, $710, is given half to plaintiff and half to defendant. The provision for plaintiff is in lieu of dower and claims to any property which the defendant owns or may hereafter own or in which he may hereafter have an interest.

A careful reading of the testimony convinces us that the plaintiff has proven her case. We are convinced that the defendant used the vile and opprobrious language toward her with which she charges him. It was of a character to warrant a decree in her favor. We find the decree appealed from justly and fairly disposed of the matters of property and alimony.

The decree is affirmed. Costs to plaintiff.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred. The late Justice WIEST took no part in the decision of this case.