### JOHNSON *v.* JOHNSON.

1. Divorce—Credibility of Witnesses.
   In a suit for divorce the trial judge determines the credibility of the witnesses.

2. Same—Extreme Cruelty—Evidence.
   Evidence justified decree of divorce to wife on ground of cruelty notwithstanding trial judge at the conclusion of the proofs spoke of the complete mental and physical incompatibility of the parties.

3. Same—Finding of Trial Judge—Evidence.
   The Supreme Court will not reverse the determination of a trial judge in a suit for divorce unless convinced that his finding is not supported by ample testimony.

4. Same—Contraction of Venereal Disease—Condonation—Cruelty—Evidence.
   While wife's condonation of contraction of venereal disease from husband by her subsequent cohabitation might preclude granting a divorce to her on that ground, when the disease

---

* See 3 Comp. Laws 1929, § 13114 *et seq.* (Stat. Ann. § 26.294 *et seq.*).—Reporter.

undermines her physical health and peace of mind and other acts of cruelty are also charged, the contraction of the disease as one of the bases for domestic unhappiness may be considered with the other proofs.

5. Same—Questions Reviewable—Events after Separation.
  Letter, alleged to have been written by plaintiff wife to another man, is not discussed on appeal in suit for divorce where it was written after the separation.

Appeal from Wayne; Brennan (John V.), J. Submitted October 5, 1945. (Docket No. 84, Calendar No. 43,194.) Decided December 3, 1945.

Bill by Genevieve I. Johnson against Leonard A. Johnson for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Edward N. Barnard* (*Ralph S. Moore,* of counsel), for plaintiff.

*Buckingham, Piggins & Rehn,* for defendant.

Butzel, J. Plaintiff Genevieve I. Johnson brought suit for divorce against Leonard A. Johnson. At the time of the filing of her bill, plaintiff was still in the service of the Women's Army Auxiliary Corps of the United States. Previous to joining the army, she not only looked after the household duties but also worked for others and contributed amounts toward the purchase of property that was being bought in the name of defendant and herself. She alleged in her bill and amendment thereto that defendant was guilty of extreme and repeated cruelty to her, that he was a man of extremely jealous disposition, and that without any foundation he made unjust accusations against her; that he repeatedly stayed out late at night, as late as 3 or 4

o'clock in the morning a number of times a week; that he was sulky, refused to speak to her on numerous occasions, and one time threatened to take her life. She further alleged that at the time of the marriage, defendant was afflicted with a venereal disease which she subsequently contracted.

Defendant denied all of the charges of cruelty except the communication of a venereal disease. He claims condonation by subsequent cohabitation. The proofs showed that plaintiff did not learn of the disease until three months after the marriage; that because of religious scruples against divorce, she continued to live with him. She testified that once she separated from him but later returned. Six years after the marriage she finally concluded to secure her freedom. She stated that she believed she was now cured of the disease but found that as a consequence of it she would have no children, and that she is in need of a major operation. While many of the alleged acts of cruelty were sporadic and some of the minor ones were continuous, an impossible condition arose.

Defendant was hard working and frugal and at one time worked during the day at one job and part of the night at another. He appears to still have an ardent and sincere affection for plaintiff and for that reason is contesting the divorce. All affection on her part is gone beyond redemption. It would serve no useful purpose to more specifically set forth the evidence. The charges were denied. The trial judge determines the credibility of the witnesses. The judge was fully justified in granting the divorce on account of cruelty although at the conclusion of the proofs he spoke of the complete mental and physical incompatibility of the parties.

We do not reverse the determination of a trial judge unless we are convinced that his finding is not

supported by ample testimony. *Westgate* v. *Westgate,* 291 Mich. 18. Were the contraction of the disease the sole ground for plaintiff's claim, condonation might preclude the granting of a decree, but when the disease undermines plaintiff's physical health and peace of mind and other acts of cruelty are also charged, the contraction of the disease as one of the bases for the domestic unhappiness may be considered with the other proofs. *Austin* v. *Austin,* 172 Mich. 620; *Abbott* v. *Abbott,* 203 Mich. 265. Defendant intimates that plaintiff after the separation became interested in some other man and for that reason was seeking a divorce. He made a copy of a very affectionate letter written by plaintiff to an undisclosed person thanking him for flowers sent to her during her illness. Plaintiff claimed the letter was never sent and was written to an ideal person whom she created in her imagination. As defendant concedes that plaintiff always conducted herself properly, we need not discuss the letter, which was written after the separation.

The property consisted of a one-half interest in two parcels in Detroit, the title to which was taken in the names of both the parties. The judge decreed that the property should be held by them as tenants in common, each thus being entitled to a half interest in the half owned by them or a quarter interest of the entire parcels. The decree also provided that the furniture should be equally divided. Defendant does not claim error in regard to the division of the property. Plaintiff asked for no alimony.

The decree of the trial court is affirmed, with costs to plaintiff.

Starr, C. J., and North, Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.