## BILLINGSLEY v. BILLINGSLEY.

1. DIVORCE—DE NOVO REVIEW—FINDINGS OF CIRCUIT COURT.

While the Supreme Court is not restricted by the findings of the circuit court in suit for divorce, since review is *de novo,* especial consideration is given to such findings based upon the credibility of witnesses and reversal thereof will not be made unless Supreme Court is convinced it must have reached a different conclusion had it occupied the position of the lower court under like circumstances.

2. SAME—EXTREME CRUELTY—EVIDENCE.

In husband's suit for divorce on ground of extreme and repeated cruelty, evidence in record established plaintiff's right to a divorce.

3. Same—Alimony—Discretion of Court.

The amount to be awarded for permanent alimony rests largely
in the discretion of the trial court and only where there is
manifest abuse thereof will the award be interfered with on
appeal.

4. Same—Alimony—Attorney Fee.

Award of $5,000 cash to defendant wife and an attorney fee
of $600 in second suit for divorce *held*, equitable and proper
where marriage lasted about two years and two months, plain-
tiff had provided her and her daughter by one of her previous
marriages with a better home and better living conditions than
they had ever had before and defendant had made no contribu-
tion to his financial condition during the marriage.

5. Same—Appeal by Both Parties—Costs.

No costs are allowed on appeal in suit for divorce where both
parties appeal and decree is affirmed.

Appeal from Wayne; Murphy (George B.), J.
Submitted June 13, 1946. (Docket No. 63, Calen-
dar No. 43,316.) Decided September 11, 1946.

Bill by Lester K. Billingsley against Theresa M.
Billingsley for divorce on ground of extreme and
repeated cruelty. Decree for plaintiff. Defendant
appeals. Plaintiff cross-appeals. Affirmed.

*Ricca, Olds & Mazzola,* for plaintiff.

*Robert A. Acchione (Milman Andrews,* of coun-
sel), for defendant.

Starr, J. Defendant appeals from a decree which
granted plaintiff an absolute divorce, determined
alimony and property rights, and awarded defend-
ant an attorney fee of $600. Plaintiff cross-appeals
only as to the allowance of alimony and attorney
fee.

These parties were married in December, 1941,
and at that time plaintiff was 41 and defendant 32

years of age. No children were born of the marriage. It was plaintiff's first matrimonial venture. Defendant had previously been married to one Valente, and a son and daughter were born of that marriage. She obtained a divorce from him, but afterwards lived with him as his common-law wife. Valente later obtained a divorce from her and was given custody of the children. Defendant then married one Rangeloff, but that marriage proved unsuccessful and she divorced him.

At the time of her marriage to plaintiff defendant worked in a factory, and she and her daughter were living in a 2-room apartment in a rooming house. She had no property or money of consequence. Plaintiff owned a one-third interest in a successful manufacturing business, and he became acquainted with defendant through rooming in the house in which she and her daughter lived. Soon after their marriage plaintiff purchased a home, for which he paid about $8,000, and furniture and furnishings amounting to about $5,000. He established a joint bank account, and during the time they lived together defendant drew checks on this account for their household and other expenses, her medical bills, and the daughter's dental bills.

Trouble soon arose between the parties, and in September, 1942, plaintiff began suit for divorce. They apparently effected a reconciliation and that suit was dismissed. In February, 1944, plaintiff began the present suit, asking for a divorce on the ground of extreme and repeated cruelty. Defendant filed answer and also cross bill. She later withdrew her cross bill and filed an amended answer, denying the material charges against her and plaintiff's right to a divorce. At the conclusion of the trial the court entered decree granting plaintiff an absolute divorce and awarding him the home property and

furniture and furnishings and the proceeds from the sale of certain stocks. The decree awarded defendant $5,000 as permanent alimony and in discharge of all claims for support and maintenance. It also granted her an attorney fee of $600. Her petition for a rehearing was denied, and she appeals.

The record is voluminous, but it would serve no purpose to discuss the conflicting testimony in detail. Plaintiff testified, in substance, that defendant was addicted to violent outbursts of ungovernable temper; that she had threatened to kill him; that she called him vulgar and abusive names; that on occasions she refused to prepare his meals; that she was untidy and dressed improperly; that she wrongfully accused him of improper relations with other women; and that she was generally sullen, mean, abusive, and fault finding. In general, defendant denied these accusations and countered by testifying as to abusive conduct on the part of plaintiff. At the time of the trial defendant's son and daughter by her first marriage were 14 and 15 years of age, respectively. Plaintiff stated that he liked the daughter and that he was willing to provide her with a home. However, it appears that much of the trouble between these parties arose over defendant's insistence that her son live with them and over the son's alleged misconduct while in their home.

It is clear that the differences between these parties are irreconcilable and that they cannot live together harmoniously. On *de novo* review the question before us is whether or not plaintiff established acts of extreme and repeated cruelty entitling him to a divorce. The testimony was conflicting, and the trial court, who saw and heard the parties and their witnesses, was better able to determine their credibility and the weight to be given their testi-

mony. In *Johnson* v. *Johnson,* 314 Mich. 376, 382, we quoted with approval from *Chubb* v. *Chubb,* 297 Mich. 501, 506, as follows:

"While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo,* especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and the reviewing court ought not to re- verse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances. *Brookhouse* v. *Brookhouse,* 286 Mich. 151; *Stratmann* v. *Stratmann,* 287 Mich. 94; *Westgate* v. *Westgate,* 291 Mich. 18."

In the present case there was testimony, which the trial court apparently believed, which established plaintiff's right to a divorce. We have carefully reviewed the record and are not convinced that we would have reached a different conclusion, had we been sitting as a trial court.

Defendant had no money or property when she married plaintiff, and she made no contribution to his financial condition during the short time they lived together. He provided her and her daughter with a better home and better living conditions than they had ever had before. There was sufficient testimony regarding plaintiff's financial condition to enable the trial court to determine the property rights of the parties and the amount of permanent alimony to which defendant was entitled. In *Tyson* v. *Tyson,* 283 Mich. 192, we said:

"The amount to be awarded  *  *  *  for permanent alimony rests largely in the discretion of the trial court; and it is only where there is a manifest abuse of that discretion that its award will be interfered with on appeal."

In *Bialy* v. *Bialy,* 167 Mich. 559, 565 (Ann. Cas. 1913A, 800), we said:

"In the case at bar there are no children of the marriage committed to complainant's care and custody, and, so far as disclosed by the record, no one dependent on either of the parties. Within the scope of discretionary power given to the court, he was authorized and required to decree her such alimony as he deemed 'just and reasonable, having regard to the ability of the husband and the character and situation of the parties and all other circumstances of the case.' To disturb his decree we must find that he either acted in violation of the statute or some rule of construction applicable to it, or that in the exercise of the broad discretion conferred upon him he has failed to discern what under the law was just and reasonable."

Under the facts and circumstances shown·by the record, we are convinced that the trial court's award of $5,000 cash to defendant and an attorney fee of $600 was equitable and proper. Other questions do not require consideration.

The decree is affirmed. As neither party has prevailed on this appeal, no costs are allowed.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.