MARK v. MARK.

1. DIVORCE—EXTREME CRUELTY.
    Extreme cruelty, as defined in the divorce statutes, is not confined to physical violence (3 Comp. Laws 1929, § 12729).

2. SAME—EXTREME CRUELTY—UNFOUNDED ACCUSATIONS OF MISCONDUCT.
    Unfounded accusations of misconduct can constitute extreme cruelty as a ground for divorce (3 Comp. Laws 1929, § 12729).

3. SAME—EXTREME CRUELTY—EVIDENCE.
    In husband's suit for divorce on ground of extreme cruelty, evidence supported decree for plaintiff based on false accusations of improper relations with other women made by defendant. (3 Comp. Laws 1929, § 12729).

4. SAME—DIVISION OF PROPERTY.
    Division of property whereby husband was given car, wife was given home, furniture and farm, equal division of accumulated personalty and future oil royalties ⅓ to husband, ⅓ to wife

and remaining ⅓ to wife in lieu of alimony for support of minor child whose custody had been awarded her, *held,* fair and equitable under circumstances.

Appeal from Kent; Souter (Dale), J. Submitted October 10, 1947. (Docket No. 63, Calendar No. 43,822.) Decided December 3, 1947.

Bill by James Mark against Pearl Mark for divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*P. A. Hartesvelt,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal,* for defendant.

SHARPE, J. This is an appeal from a decree of divorce granted plaintiff, James Mark. The parties were married March 11, 1939, and as a result of such marriage one child, Nancy Lou Mark, was born July 9, 1943. The parties separated about February 3, 1946.

It appears that defendant's father owned some farm lands near Reed City, Michigan, the value of which has been stated to be between $500 and $3,500. In the latter part of 1942, defendant's father required some one to take care of him. Whereupon, an agreement was entered into between defendant's father and plaintiff and defendant, in and by which the father deeded the farm to plaintiff and defendant, the consideration of which was that plaintiff and defendant were to provide a home for defendant's father for the balance of his life. The father died 24 days after taking up his residence with plaintiff and defendant. A short time later oil was dis-

covered on the farm. As of the date of the trial, the oil from the property had produced a sum in excess of $23,000, with a monthly income from said property of better than $500.

In his bill of complaint, plaintiff charges that defendant has constantly nagged and quarreled with him, has been sullen, has used profane and indecent language, and has accused him of infidelity, all of which was without basis or provocation. Defendant filed an answer to plaintiff's bill of complaint and a cross bill in which she charges that plaintiff has been guilty of infidelity, has sought the company of other women, and has developed the habit of absenting himself from home unnecessarily.

The trial court granted plaintiff a decree of divorce, based upon the false accusations of improper relations made by defendant. The decree provided that defendant have the care, custody and education of the minor child of the parties with right of visitation to plaintiff; that defendant have the home and furniture of the parties in Grand Rapids, Michigan, and the farm located near Reed City; that the accumlated royalties, bank deposits and war bonds as of December 31, 1946, shall be equally divided between the parties after payment of the 1946 income tax; that all future oil royalties from the farm shall be divided as follows: one-third to plaintiff, one-third to defendant, and one-third to defendant in lieu of alimony for the support of the minor child of the parties; and that plaintiff have the automobile.

Defendant appeals and urges that plaintiff did not make out a case for divorce.

The statutes do not confine the definition of extreme cruelty to physical violence.* Unfounded

---

* See 3 Comp. Laws 1929, § 12729 (Stat. Ann. § 25.87).—Reporter.

accusations of misconduct can constitute extreme cruelty. In *Simon* v. *Simon,* 225 Mich. 645, we said that grounds for divorce exist where a husband falsely accuses his wife of adultery.

See, also, *Krusinski* v. *Krusinski,* 170 Mich. 561; *Stanton* v. *Stanton,* 197 Mich. 161; *Taylor* v. *Taylor,* 312 Mich. 238.

We have examined the record and conclude that the trial court was correct in granting plaintiff a decree of divorce and we arrive at the further conclusion that the trial court made a fair and equitable settlement of the property rights of the parties and the amount allowed for the care and maintenance of the minor child.

The decree is affirmed, but without costs.

CARR, C. J., and BUTZEL, BUSHNELL, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.