RAYMOND *v.* RAYMOND.

1. DIVORCE—SUBVERSIVE CONDUCT AFTER FILING OF BILL—EVIDENCE.
   Proof of acts of defendant wife, subversive of the marital re-
   lation, after filing of husband's bill for divorce did not
   constitute reversible error, where it appears in a general
   way there was a continuance of the conduct in which she
   had indulged prior to the starting of suit and evidence of
   like character had been received without objection and plain-
   tiff's reply to her amended answer specifically alleged that
   she had indulged in such conduct in defiance of an injunction
   issued by the court.

2. SAME—MATTERS OCCURRING AFTER FILING BILL—EVIDENCE.
   Proofs of matters occurring after the filing of bill of complaint
   for divorce are admissible, under some circumstances, without
   supplemental pleading when such proofs tend to throw light on
   the issues involved.

3. SAME—IMPROPERLY ADMITTED EVIDENCE NOT CONSIDERED.
   It may be assumed in a suit for divorce that any evidence im-
   properly admitted was not taken into consideration in de-
   termining the plaintiff's right to a divorce, especially where
   there was proof relating to the matters alleged in the bill.

4. SAME—EXTREME CRUELTY—EVIDENCE.
   Evidence presented in husband's suit for divorce which showed
   that conduct of wife embarrassed him and caused him humili-
   ation *held*, to justify decree for him on ground of extreme
   and repeated cruelty.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur, Divorce and Separation §§ 368, 371, 377, 379, 381.
[3] 3 Am Jur, Appeal and Error §§ 897, 971.
[4] 17 Am Jur, Divorce and Separation § 48 *et seq.*
[6] 17 Am Jur, Divorce and Separation § 445 *et seq.*
[7] 17 Am Jur, Divorce and Separation §§ 580, 581.

5. SAME—DIVISION OF PROPERTY.

Decree granting divorce to plaintiff husband on ground of extreme cruelty and awarding wife 1/2 of property accumulated during 13-month marriage is not disturbed, where it does not appear inequitable under the circumstances.

6. SAME—DIVISION OF PROPERTY.

There is no mathematical rule applicable to division of property in suits for divorce, as the particular facts involved in each case must determine the result.

7. SAME—COSTS.

No costs are allowed in suit for divorce upon affirmance of decree for husband.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted April 3, 1956. (Docket No. 2, Calendar No. 46,669.) Decided May 14, 1956.

Bill by Norton G. Raymond against Zita Raymond for divorce on grounds of extreme and repeated cruelty and for settlement of property matters. Decree for plaintiff. Defendant appeals. Affirmed.

*David E. Kull,* for plaintiff.

*Samuel W. Barr,* for defendant.

CARR, J. The parties to this case were married in July, 1951, and lived together as husband and wife for a period of approximately 13 months. In August, 1952, plaintiff started suit for divorce, charging in his bill of complaint that defendant had been guilty of various acts amounting to extreme and repeated cruelty in her treatment of him. Specifically, he claimed that she had habitually found fault with him to such an extent that his health was affected thereby, that she had improperly treated his daughters by a previous marriage, and that she had made unfounded charges of misconduct on the

part of the youngest daughter, who was at the time 17 years of age and a student in high school. The pleading further set forth that defendant had indulged in the excessive use of alcoholic beverages, and that on such occasions she became uncontrollably enraged.

At the time of the marriage plaintiff and defendant were working for the same employer. Subsequently defendant was discharged, which act aroused a feeling of resentment on her part. Thereafter, as plaintiff alleged, she wrote disparaging letters to certain officers of the company for which she had been working, which resulted in jeopardizing plaintiff's position as well as causing him humiliation. By answer defendant denied the charges made against her, insisting in substance that she had properly observed her marital duties.

Following a trial the circuit judge concluded that plaintiff's proofs sustained the averments of his bill of complaint and that he was entitled to a divorce. Decree was entered accordingly and the property rights of the parties were fixed thereby. Defendant has appealed, asserting that under the competent evidence in the case the court erred in granting a divorce to plaintiff and that the terms of the property settlement were inequitable.

On the trial of the cause testimony was introduced as to conduct on the part of the defendant, subversive of the marital relation, after the filing of the bill of complaint. On behalf of appellant it is insisted that such proofs should have been excluded. It was conceded that defendant, during the pendency of the case, had written a number of letters and had made telephone calls to different parties in which she made statements concerning plaintiff, his daughters, and the conduct of certain officials of the company by which plaintiff was employed. In a general

way such proofs indicated a continuance of the conduct in which defendant had indulged prior to the starting of suit. It does not appear from the record that any objection was made to the proofs offered other than to the admission of 4 exhibits introduced after other evidence of like character had been received. On the making of such objection the attention of the court was called to the fact that in November, 1954, shortly before the trial began, defendant, by leave of the court granted pursuant to stipulation of counsel, had filed amendments to her original answer. In such amendments she asserted affirmatively that she had sought to help her husband rather than to injure him, and that she was desirous of continuing the marital relation. Plaintiff, by reply to the amended answer, denied defendant's affirmative averments, referring specifically to her efforts to discredit him in his place of employment and to bring about his discharge. It was specifically alleged that she had indulged in such conduct, after the starting of the suit, in defiance of an injunction issued by the court.

It is a matter of inference that the proofs in question were introduced to rebut the claims of defendant as set forth in the amendments to her answer. This Court has heretofore recognized that under some circumstances, at least, proof of matters occurring after the filing of the bill of complaint are admissible, without a supplemental pleading, when such proofs tend to throw light on the issues involved in the case. *Arix* v. *Arix,* 212 Mich 438; *Ziontz* v. *Ziontz,* 324 Mich 155, 165. Appellant relies on *Cooley* v. *Cooley,* 320 Mich 209, in support of her claim that proofs of acts committed during the pendency of the case, and not averred in a supplemental or amended bill of complaint, may not be considered in determining the right of the plaintiff

to a divorce. There is nothing in the record before us to indicate that the trial judge based his decree on the conduct of defendant subsequent to the starting of the suit. It may be assumed, as was done in the *Cooley Case,* that any evidence improperly admitted was not taken into consideration in determining plaintiff's right to a divorce. As was the situation in the case cited, the proofs relating to the matters alleged in plaintiff's bill of complaint fully supported the decree. That the trial court based his decision thereon is indicated by the language of said decree, which recited that defendant had "been guilty of the several acts of extreme and repeated cruelty as alleged in said bill of complaint."

As a witness in her own behalf on the trial, defendant gave testimony of such nature as to leave no question with reference to her attitude toward plaintiff, his employer, and his daughters. The conduct in which she indulged, and which she admitted, was clearly calculated to embarrass plaintiff and to cause him humiliation. That it did so is established by the proofs. A detailed discussion of the testimony in the case would serve no useful purpose. After listening to the claims of the parties and observing their demeanor in court, the trial judge found that the averments of the bill of complaint had been established and that the evidence required the granting of relief to plaintiff. We think that such conclusion should not be disturbed. *Brookhouse* v. *Brookhouse,* 286 Mich 151; *Billingsley* v. *Billingsley,* 315 Mich 417.

Was the division of the property made by the decree inequitable as to defendant? Each of the parties owned property, both realty and personalty, prior to their marriage. In his decree the trial judge undertook to adjust their respective interests in such manner that the situation existing at the

time of the marriage would be continued. It is suggested by counsel for appellee that the action in this regard was consistent with the method approved in *Ethridge* v. *Ethridge,* 322 Mich 578. The decree further granted to defendant a sum equal to 1/2 the profit that the parties had made from the sale of certain real estate. The residence on the property was built with funds that plaintiff had at the time of his marriage to defendant. The lot stood in the names of the parties as tenants by the entireties. Defendant claimed credit for making an advantageous sale on land contract resulting in a profit of $2,133.03. A reduction of $861.81 was made, while the parties were living together, on a mortgage on said property, presumably from the earnings of the parties during that period, and plaintiff, during the time that the parties lived together in the marital relation, deposited approximately $2,700 in a bank account. In accordance with a recommendation made by the friend of the court, the decree provided that there should be paid to defendant the sum of $2,847.42, which the trial judge determined to be 1/2 the amount of the money accumulated by the parties during the period that they lived and cohabited together.

In view of the facts established by the proofs in the case, we cannot agree that the provisions of the decree with reference to the property interests of the parties were inequitable. There is no mathematical rule that may be applied in cases of this character. The particular facts involved in each instance must determine the result. In the instant case we are in accord with the action of the trial judge.

The decree is affirmed, without costs.

DETHMERS, C. J., and SHARPE, SMITH, KELLY, and BLACK, JJ., concurred with CARR, J.

BOYLES, J., concurred in the result.

The late Justice REID took no part in the decision of this case.