YOUNG *v.* YOUNG.

1. HUSBAND AND WIFE — SEPARATE MAINTENANCE — NONSUPPORT — EVIDENCE.

Trial judge's conclusion that wife had failed to establish her charge of nonsupport in her proceeding for separate maintenance, *held,* supported by record showing substantial amount of property which she was at liberty to use for her support and that she was living in the home of the parties which they owned as tenants by the entireties.

2. SAME — SEPARATE MAINTENANCE — IMPROPER ASSOCIATION WITH OTHER WOMEN—EVIDENCE.

Separate maintenance of wife was properly denied by trial judge, where evidence showed she had no tangible basis for any suspicion as to improper conduct on the part of defendant husband, a dentist, and his office assistant, merely because of their attendance at a dental convention, where the assistant had been accompanied by her parents and plaintiff herself had attended previous conventions of like nature.

3. DIVORCE—EXTREME CRUELTY—RECONCILIATION—EVIDENCE.

Trial judge's conclusion that conduct of wife in making written communications to her husband, and in making statements to their children and to others reflecting adversely to the husband's emotional stability and conduct toward another woman constituted extreme and repeated cruelty and naturally tended to prevent any reconciliation *held,* to justify decree of divorce to husband on his cross-bill.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur, Husband and Wife §§ 406, 415.
[2] 27 Am Jur, Husband and Wife §§ 404, 405.
[3] 17 Am Jur, Divorce and Separation §§ 65–72, 437.
[4] 17 Am Jur, Divorce and Separation § 728 *et seq.;* 17A Am Jur, Divorce and Separation § 924 *et seq.*
[5] 17 Am Jur, Divorce and Separation §§ 630, 644.

4. SAME—DIVISION OF PROPERTY—ALIMONY.

    Property settlement provisions in decree of divorce, awarded defendant husband on his cross-bill whereby substantially equal division of property was made upon termination of 27-year marriage, and provision for $30 per week alimony, terminable upon remarriage of wife *held,* not subject to modification, where it appears the defendant is assisting the 2 older children in completing their education and plans to assume college expenses of the other child, and plaintiff, in good health, a trained nurse, and with training in public health education appears capable of contributing to her own support if necessary.

5. COSTS—SEPARATE MAINTENANCE—DIVORCE—APPEAL.

    No costs are allowed on wife's appeal in her suit for separate maintenance, wherein husband had been granted a divorce on his cross-bill and decree is affirmed.

Appeal from Muskegon; Beers (Henry L.), J. Submitted October 9, 1963. (Calendar No. 15, Docket No. 50,163.) Decided November 4, 1963.

Bill by Virginia Skeldon Young against Henry W. Young for separate maintenance, with cross-bill for divorce on grounds of extreme and repeated cruelty. Decree for defendant. Plaintiff appeals. Affirmed.

*Smedley, Spaniola & Caughey,* for plaintiff.

*Poppen, Street & Sorensen (Harold M. Street,* of counsel), for defendant.

CARR, C. J., The parties to this case were married in June, 1935, and lived together in Muskegon county until September, 1959, when a separation occurred. Three children were born of the marriage, the youngest 18 in December, 1962. The record indicates that during the early years of their married life the parties lived together in congenial relationship. Defendant was engaged in the practice of dentistry in the city of Muskegon. His income

increased as time went on and the family was relieved from financial difficulties.

In September, 1959, defendant husband filed suit for a divorce charging Mrs. Young with extreme and repeated cruelty. Following a hearing a decree was entered December 9, 1960, dismissing the bill of complaint. The parties, however, did not resume living together and under date of May 17, 1961, plaintiff in the instant suit filed her bill of complaint for separate maintenance, charging that defendant had "grossly, wilfully, wantonly, and cruelly failed and refused to suitably maintain and support the plaintiff without good sufficient cause." It was further alleged that from and after December 13, 1960, defendant had contributed nothing to plaintiff's support. Following the institution of the suit, and under date of May 14, 1962, an amendment to the bill of complaint was filed charging that defendant had been associating with "a certain female person" and had accompanied said person to Chicago, Illinois, in February, 1962.

Defendant filed answer to plaintiff's bill of complaint in substance denying the charges made against him. He also filed a cross-bill seeking relief by way of an absolute divorce on grounds of extreme and repeated cruelty, alleging a general attitude on the part of plaintiff inconsistent with a congenial marital relation, specifically asserting that she had made untrue and unfounded charges against defendant and cross-plaintiff of such character as to prejudice him in the practice of his profession, and that she had also sought to alienate from him the affections of his children. It was further asserted in the cross-bill that cross-defendant had sought to injure him by making false and malicious statements charging wrongful association on his part with another woman, and that such charges had been made with the intent of harming cross-plaintiff in the practice of

his profession. The cross-bill also alleged that Mrs. Young had constantly and publicly charged cross-plaintiff with being "mentally ill, emotionally unstable, in need of psychiatric help" and that such accusations had damaged the personal and professional reputation of cross-plaintiff.

The case was heard before the same judge who had denied the decree in the previous divorce case. After listening to the proofs of the parties he came to the conclusion that plaintiff was not entitled to the relief sought by her under her bill of complaint for separate maintenance, that cross-plaintiff had established the claims of cruelty alleged in his cross-bill, and that he was, in consequence, entitled to a decree of divorce. Such decree was entered, and plaintiff has appealed, claiming that the decree should have been granted to her on her bill of complaint, that cross-plaintiff was not entitled to the relief sought by him, and that the award of alimony and the division of property interests provided by the decree entered were not equitable.

On the basis of the testimony before him the trial judge concluded that plaintiff's claim to relief on the ground of nonsupport was not well-founded. It appears from the record that at the time she instituted her suit for separate maintenance she had in her possession about $6,000 worth of stocks standing in her name, and which she was at liberty to use for her support. It is claimed that the securities were put in the name of the plaintiff in order to effect a saving on taxes. In any event, her right to use such property is not disputed. In addition she had in the bank a sum in excess of $1,000 which the record does not indicate she was forced to withdraw. During the time in question she was living in the home of the parties which they owned as tenants by the entireties, cross-plaintiff residing in his father's home. Under the circumstances we agree with the

conclusion of the trial judge that the charge of nonsupport was not established.

The amendment to plaintiff's bill of complaint charging defendant therein with association with a "certain female person" apparently had reference to the fact that defendant's dental assistant who had worked in his office for approximately 22 years had attended a dental convention in Chicago in February, 1962, which defendant also attended. It appears that the assistant in question had constantly attended such conventions, and that on the occasion in question she was accompanied by her parents. It further appears that plaintiff was fully aware of the situation as to attendance at conventions of the character in question, that she had accompanied defendant at least on some occasions, that she was well acquainted with the party to whom she referred in the amendment to her pleading, and that she had no tangible basis for any suspicion as to improper conduct on the part of defendant and his office assistant. The trial judge was correct in refusing to grant plaintiff a decree of separate maintenance and in dismissing her bill of complaint.

This brings us to the question whether the proofs justified the granting of a decree of divorce to the cross-plaintiff. The record discloses that Mrs. Young made statements to the children of the parties and to others tending to reflect on the mental condition of defendant and cross-plaintiff. According to her testimony she did not use the word "insane" but did use the expression "emotionally unstable." She sent notes or letters to her husband emphasizing her opinion as to his need to obtain medical assistance. While it does not appear that these letters came to the attention of parties other than the cross-plaintiff, they clearly indicated her attitude toward him and serve to characterize the remarks that she made to others. Such statements obviously would

tend to interfere with Dr. Young in the practice of his profession, and would affect the attitude of others, including particularly the children of the parties, toward him. Likewise her charges, admittedly made to others, that she was financially embarrassed because of her husband's failure to contribute to her support, and more particularly her claim as to his association with another woman, would not only have a tendency to affect the professional standing of cross-plaintiff but would further cause humiliation on his part. A reading of the written communications that she sent to him during the period here in question suggests that such was the purpose. Conduct of such character naturally tended to prevent any reconciliation and clearly constituted extreme and repeated cruelty. *Mark* v. *Mark,* 319 Mich 258; *Gaw* v. *Gaw,* 327 Mich 120. The trial judge after listening to the testimony apparently concluded that the attitude of the wife was primarily responsible for the marital difficulties of the parties, and that it was of such character as to preclude any possibility of reconciliation. The record justifies the conclusion, and we do not think that it should be disturbed. *Brookhouse* v. *Brookhouse,* 286 Mich 151; *Cooper* v. *Cooper,* 345 Mich 44; *Raymond* v. *Raymond,* 345 Mich 563.

In determining the property settlement provisions of the decree it appears that the trial judge undertook to make approximately an even division. The computation set forth in the opinion filed suggests that some preference was given to the plaintiff. She was allowed also $30 per week alimony, which payments will terminate if and when she remarries. The record discloses that defendant and cross-plaintiff is assisting the 2 older children of the parties in completing their education, and that he plans to assume the expenses attendant to such college or university enrollment as the son may decide to make. While

appellant expresses dissatisfaction with the property division and with the alimony award, we cannot agree that either should be modified.  Apparently plaintiff is in good health and, as the trial judge pointed out in his opinion, she has had nurses' training as a part of her education, together with university instruction in public health education.  It is a fair conclusion that she is capable of contributing to her own support if such action on her part becomes necessary.

The decree is affirmed, without costs.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.