FELD *v* FELD

1. DIVORCE—EVIDENCE—EVENTS AFTER COMPLAINT.

A judgment of divorce which was based on incidents occurring either after the plaintiff had filed his complaint or before the parties' reconciliation prior to the complaint was proper where the proofs of these incidents tended to throw light on the issues involved.

2. DIVORCE—GROUNDS—CRUELTY—SPOUSE'S INSANITY—PUBLIC ASSERTION.

Wife's publicly expressed belief that her husband was mentally ill constituted extreme and repeated cruelty where the trial judge specifically found that the wife's testimony regarding the *bona fide* nature of her belief and actions was wanting in credibility.

3. DIVORCE—CHILD SUPPORT—DISCRETION.

An award of child support is within the discretion of the trial court.

Appeal from Oakland, William P. Hampton, J. Submitted Division 2 January 11, 1972, at Detroit. (Docket No. 11563.)   Decided February 29, 1972.

Complaint by Julius Feld against Suzanne E. Feld for divorce.   Judgment of divorce for plaintiff.   Defendant appeals.   Affirmed.

*Allen & Allen,* for plaintiff.

*Temple & Cutler,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 136.
[2] 24 Am Jur 2d, Divorce and Separation § 168.
[3] 24 Am Jur 2d, Divorce and Separation § 839.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

PER CURIAM. On May 29, 1969, defendant's complaint for divorce was dismissed following a reconciliation and post-nuptial agreement. On October 22, 1969, plaintiff filed a complaint for divorce alleging extreme and repeated cruelty. The defendant appeals from the judgment of divorce and the amount of the child support award.

The defendant challenges the judgment of divorce on three grounds. Her first argument is that the court's judgment was based on incidents occurring either after plaintiff filed his complaint or before the parties' prior reconciliation.

"Under some circumstances   *   *   *   proof of matters occurring after the filing of the bill of complaint are admissible   *   *   *   when such proofs tend to throw light on the issues involved in the case." *Raymond* v *Raymond,* 345 Mich 563, 566 (1956).

Furthermore, without convincing evidence to the contrary, it must be assumed that the court disregarded all evidence improperly admitted. *Esslinger* v *Esslinger,* 9 Mich App 11 (1967). Defendant's second argument, that the court's findings were based on evidence not actually presented at trial, is refuted by the record. The final attack on the trial court's judgment is that it was based on an error of law. The defendant relies on *Reichert* v *Reichert,* 124 Mich 694 (1900), for the proposition that a *bona fide* belief, publicly expressed, that one's spouse is mentally ill does not constitute extreme and repeated cruelty. After examining the record, we are not convinced that the court's judgment was erroneous;

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the court specifically found defendant's testimony wanting in credibility.

Finally, the amount of the award of child support is within the discretion of the trial court, *Travis* v *Travis*, 19 Mich App 128 (1969); we find no abuse of discretion.

Affimed.