## Louisa Goodman v. Arnold Goodman.

*Divorce: Profane, obscene and insulting language: Extreme cruelty.* The habitual use, by the husband to the wife, in the presence of her mother and their little daughter, as well as others, of profane, obscene and insulting language, to an extent which rendered her life miserable, constitutes that kind of extreme cruelty for which our statute authorizes a divorce.—*Briggs v. Briggs, 20 Mich., 34.*[*]

*Appeal: Alimony.* The allowance made to the complainant in the circuit, for alimony, will not be increased on the defendant's appeal, in the absence of any new showing on the subject.

*Submitted on briefs January 8. Decided January 17.*

Appeal in Chancery from Branch Circuit.

*Shipman & Loveridge,* for complainant.

*M. S. Bowen,* for defendant.

CHRISTIANCY, CH. J.

This was a bill for a divorce on the ground of extreme cruelty.

The bill charges the cruelty as follows, viz.: "That said Arnold Goodman has at different times threatened to kill her, and has been in the habit continually of cursing and swearing at her, and calling her vile and opprobious names, whenever they meet; and has for the past five years and upwards, slandered your oratrix, and has to the utmost of his ability endeavored to destroy her character by circulating and reporting false charges against your oratrix for chastity, with intent to injure her and bring her into disrepute among her neighbors and friends."

Defendant, by his answer, denies all the above charges. But the evidence sufficiently establishes all the material facts alleged in the bill, except that of threatening to kill the complainant. It shows that he was in the habit of

---

[*] See also, *Bennett v. Bennett, 24 Mich., 482.*

frequently charging her, in the presence of her mother and their little daughter, as well as others, with criminal inter- course with other men, which charges, so far as the evidence shows, were without the least foundation in fact; that he was in the habit of calling her vile, obscene and opprobrious names in the presence of others, cursing and swearing at her in a most profane and brutal manner, to an extent which rendered her life miserable, and fully justified her in leaving and refusing to live with him.

That such a course of brutal conduct constitutes that kind of cruelty for which the statute authorizes a divorce, was held by this court in *Briggs v. Briggs, 20 Mich., 34.*

The decree of the circuit court for the county of Branch in chancery, must be affirmed, with costs to complainant.

It was urged by the counsel for complainant (appellee), that the sum of four hundred dollars allowed to complain- ant by the decree, is not so large as from the evidence it ought to have been, and we were asked to alter the decree by increasing this allowance. But as complainant did not appeal, and there has been no further showing upon the point in this court, we cannot properly make the decree more favorable to her than it was in the court below.

The other Justices concurred.