## HOLLWAY *v.* HOLLWAY.

1. Divorce—Extreme Cruelty—Pleading.

It was not error for trial court to deny defendant husband's. motion to dismiss wife's bill of complaint for divorce before trial for failure to state a cause of action, where bill alleged many instances at specific times and places, of harsh and insulting language directed to her by him, of his calling her vile and obscene names privately and in the presence of others, of his. refusal to associate with her socially, of his association with other women and once of his threatening her life, extreme· and repeated cruelty constituting grounds for relief having: been sufficiently pleaded.

2. Same—Extreme Cruelty—Evidence—Corroboration.

Plaintiff wife made out a case for divorce on ground of extreme· and repeated cruelty by proof that during 18-year period the parties lived together defendant had unjustly accused her· at least 50 times of improper association with other men, had called her vile and obscene names impugning her chastity and honesty, used rough and vile language toward her in the presence of others, refused to accompany her on social occasions,. embarrassed her in the presence of others, associated with other women under questionable circumstances and, finally,. threatened to shoot her, even though some of her testimony· was not corroborated.

3. Same—Evidence—Corroboration.

Proofs of grounds for divorce are not necessarily insufficient:

---

References for Points in Headnotes

[1] 17 Am Jur, Divorce and Separation § 305.
[2–4] 17 Am Jur, Divorce and Separation §§ 401, 403.
[2, 3] Character and sufficiency of evidence required to corroborate· testimony of plaintiff in divorce suit. 65 ALR 169.
[5] 17 Am Jur, Divorce and Separation § 233.
[6–9] 17 Am Jur, Divorce and Separation §§ 202, 210.
[10] 17 Am Jur, Divorce and Separation § 445 *et seq.*

because, in many respects, they rest solely on the uncorroborated testimony of plaintiff.

4. SAME—RECORD ON APPEAL.

Decree granting divorce to plaintiff wife on ground of extreme cruelty is not reversed, where record does not convince Supreme Court that had it occupied position of trial judge it would have concluded differently.

5. SAME—CLEAN HANDS—CONDUCT BETWEEN DATE OF SEPARATION AND TRIAL.

Claim that plaintiff wife did not come into divorce court with clean hands because trial court found that during 4 years from date of separation until trial each party sought the company of the opposite sex did not prevent granting of decree, where court also found that no misconduct of either party during such period was proved which would justify the court in either granting or denying either party a divorce.

6. SAME—EXTREME CRUELTY—CONDONATION.

Unsuccessful attempts on the part of a wife to live peaceably with her husband, who treated her with extreme cruelty, do not constitute condonation depriving her of her right to a divorce.

7. SAME—COMPLIANCE WITH CONDITIONS OF CONDONATION.

Condonation in defense to a suit for divorce on ground of extreme cruelty is not made effectual merely because no new misconduct constituting cause for divorce is shown to have occurred subsequent to the alleged condonation, where it is not shown that the conditions upon which the condonation was granted have been complied with by the offending party.

8. SAME—CONDONATION—CONDITIONS.

Condonation, implying forgiveness for offensive conduct constituting grounds for divorce, is conditional on the nonrepetition of such conduct.

9. SAME—CONDONATION—EVIDENCE.

Defense of condonation to wife's suit for divorce on ground of extreme and repeated cruelty *held*, not to have been made out by husband under record presented.

10. SAME—DIVISION OF PROPERTY.

Equal division of property with net worth of $230,204.75 at termination of 25-year marriage by divorce of childless couple is approved, under record showing parties had started life with little or no property, both had worked for others or in their

own business enterprises and had contributed to building up their fortune, and wife's wages had been spent for her clothes and household necessities which husband was bound to furnish.

11. Same—Property Settlement—Withdrawals from Business—Living Expenses During Separation.

No injustice was done defendant husband in suit for divorce by not including in property settlement sum of $35,000 withdrawn from their business just before their separation, where such sum was used by her in living on a scale not out of harmony with that to which the parties were accustomed for 4-year period of separation and during which period defendant withdrew a much larger sum from the business for his own living.

12. Same—Instalment Payment of Property Settlement—Hardship.

Decree of divorce requiring defendant husband to pay plaintiff wife $115,102.37 in 3 instalments of $20,000 upon entry of decree, 1/2 of balance within 90 days and remaining half within 6 months after decree held, not to have worked an undue hardship upon defendant, where he has had all of the income from their business enterprise for a period of over 1-1/2 years since the trial.

13. Same—Instalment Payment of Property Settlement—Appeal—Alimony—Costs.

Decree of divorce ordering payment of property settlement to wife of $115,102.37 in 3 instalments is modified on appeal to require periods for instalment payments to commence from entry of decree in Supreme Court and $100 weekly payment of alimony, heretofore ordered by Supreme Court, continued until full payment of property settlement and $300 costs of appeal and additional $200 costs and $500 for attorney fees.

Appeal from Oakland; Holland (H. Russel), J. Submitted October 11, 1955. (Docket No. 68, Calendar No. 46,460.) Decided December 28, 1955.

Bill by Dorothy G. Hollway against Floyd L. Hollway for divorce and adjustment of property rights. Decree for plaintiff. Defendant appeals. Modified and affirmed.

*Howlett, Hartman & Beier* (*Harold E. Howlett,* of counsel), for plaintiff.

*Estes & Cooney,* for defendant.

DETHMERS, J.   Defendant appeals from a decree granting plaintiff a divorce and property settlement.

The bill of complaint alleged many instances, at specific times and places, of harsh and insulting language directed to plaintiff by defendant, of his calling her vile and obscene names privately and in the presence of others, of his refusal to associate with her socially, of his association with other women, and one of his threatening her life.   These were not mere statements of conclusions but averments of fact, which, if proved, would establish a long continued course of extreme and repeated cruelty and grounds for divorce.   Defendant was duly apprised thereby of what it was against which he was called upon to defend himself.   Accordingly, the court did not err in denying defendant's motion, before trial, to dismiss the bill for failure to state a cause of action.

Defendant contends that plaintiff did not make out a case for divorce.   She testified that during the last 18 years they lived together defendant unjustly accused her at least 50 times of improper association with other men, that he often called her vile and obscene names impugning her chastity, that he used rough and vile language toward her in the presence of others, accused her of dishonesty, refused to accompany her on social occasions, embarrassed her in the presence of others, associated with other women under circumstances which appeared questionable at best, and, finally threatened to shoot her, after which she left the home and they separated permanently. She gave the times and places of some of the offenses.   That would admit proof of others, even

though the dates and places thereof were not fixed. *Eistedt* v. *Eistedt,* 187 Mich 371. Some of her testimony was corroborated, some was not, and much of it was denied by defendant. Proofs of grounds for divorce are not necessarily insufficient because, in many respects, they rest solely on the uncorroborated testimony of plaintiff. *Brookhouse* v. *Brookhouse,* 286 Mich 151. The trial court, which saw and heard the witnesses, believed plaintiff's testimony concerning grounds for divorce and determined that they had been established. Examination of the entire record does not convince us that, had we occupied the position of the trial judge, we would have concluded differently; and under such circumstances we do not reverse the trial court's determination. *Chubb* v. *Chubb,* 297 Mich 501; *Gorton* v. *Gorton,* 316 Mich 375; *Schmiege* v. *Schmiege,* 336 Mich 107. That defendant's course of conduct, as described by plaintiff, extending over a period of years, constituted extreme cruelty and grounds for divorce without proof of personal violence is beyond question. *McCue* v. *McCue,* 191 Mich 1; *Goodman* v. *Goodman,* 26 Mich 417; *Warner* v. *Warner,* 54 Mich 492; *Begrow* v. *Begrow,* 162 Mich 349 (139 Am St Rep 562); *Mark* v. *Mark,* 319 Mich 258.

Defendant says that plaintiff did not come into court with clean hands inasmuch as the proofs show that during the 4 years from date of separation until trial, as the trial court found, "Each party sought the company of the opposite sex." The court found further, however, that, while such conduct might be open to criticism, no misconduct was proved which would justify the court in either granting or denying either party a divorce because of what occurred after the separation. We are in accord with that view as relates to plaintiff's conduct. We think there is considerable doubt that defendant's conduct since

the separation is deserving of an equally charitable appraisal.

Defendant urges condonation in defense. Plaintiff testified that for 18 years, in the face of defendant's continuous and repeated misconduct in the respects above noted, she tried to forget those things and to make a success of the marriage; that after defendant's admitted misconduct with another woman he had promised to behave himself and to have no more to do with other women, but that this promise was not kept.

"Numerous but unsuccessful attempts on the part of a wife to live peaceably with her husband, who treated her with extreme cruelty, did not condone the offense so as to deprive her of her right to a divorce." *Austin* v. *Austin,* 172 Mich 620 (syllabus).

"A claim of condonation in defense of a suit for divorce on the ground of extreme cruelty is not made effectual merely because no new misconduct constituting a cause for divorce is shown to have occurred subsequent to the alleged condonation, but it is necessary that the conditions upon which the condonation was granted should have been complied with by the offending party." *Creech* v. *Creech,* 126 Mich 267 (syllabus).

"It is also contended by appellant that appellee condoned her acts of extreme and repeated cruelty towards him by continuing to live and cohabit with her. Condonation, implying forgiveness for offensive conduct, is conditional on the nonrepetition of such conduct. In the case at bar, the acts of extreme and repeated cruelty, on the basis of which relief was granted by the trial court to appellee, were continuous during the period of time that the parties lived and cohabited together. The fact that appellee continued to live with appellant in the marital relation, apparently in the hope that the parties might avoid a final separation, was not a bar to the grant-

ing of relief to him." *Bohlka* v. *Bolhka,* 318 Mich 468, 473.

See, also, *Tackaberry* v. *Tackaberry,* 101 Mich 102, and *Durham* v. *Durham,* 331 Mich 668. Under the holdings of these cases the record in this case does not support a defense of condonation.

Finally, defendant complains of the property settlement. The court determined that the net worth of the property of parties was $230,204.75. Defendant does not challenge that determination. The court held that because the parties started married life with little or nothing, no children were born to them, and during 25 years of life together both worked, first for wages for others and then in their own business enterprises, and both had contributed to building up their fortune, therefore an equal division should be made. In this we think the court was correct. Although the wife drew wages from their businesses, as did the husband, she spent it for her clothes and household necessities which he was bound to furnish. Defendant insists that $35,000 which plaintiff took just before their separation should be considered in making the division. She used it during the 4 years of separation for living on a scale not out of harmony with that to which the parties had been accustomed. During that same time defendant drew a considerably larger sum from the business of the parties for his own living. Consequently, no injustice was done defendant in this respect, inasmuch as the value of the properties to be divided was reckoned as of the time of trial after the mentioned withdrawals had been made by both parties. Defendant claims hardship in the provision of the decree that the whole sum of $115,102.37 to be paid by him was made payable in three instalments, $20,000 upon entry of decree, ½ of the balance within 90 days and the remaining half within 6 months after decree.

In this connection he points to his testimony that at the time of trial, April, 1954, he was under necessity of making vehicle replacements in his beer business which would cost $38,000 and to increase his inventory by $70,000. At trial he admitted possession of a $30,000 cash item. The assets of the parties included real estate valued at $135,500, the beer business valued at $54,929.75, and other personal property and cash valued at $39,775, all of which went to defendant, subject to his making the mentioned payments to plaintiff at the times specified. Since the trial defendant has enjoyed all the income from the business for a period now over 1–½ years. The record discloses that that income for 1953 was over $88,000 before taxes, or over $40,000 after payment of income tax. We do not consider that the requirements of the decree would work an undue hardship on defendant.

A decree may enter here in all respects like the decree below, except that the times limited for payment under the property settlement shall run from the date of entry of decree here and that the requirement that defendant pay plaintiff $100 per week alimony, as heretofore ordered by this Court, shall continue in effect until payment of the full amount of the property settlement; and plaintiff previously having been allowed $300 costs of appeal by this Court, defendant shall pay her, within 60 days from entry of decree here, an additional $200 for costs of appeal and $500 for attorney fees.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.