362 P.2d 124

**Dorothy Virginia HENNING, Appellant,**

**v.**

**Robert Arthur HENNING, Appellee.**

**No. 6709.**

Supreme Court of Arizona.

May 24, 1961.

Mangum & Christensen, Flagstaff, for appellant.

Axline & Shelley, Holbrook, for appellee.

BERNSTEIN, Vice Chief Justice.

This is an appeal by the plaintiff-wife from a decree of divorce awarded to the defendant-husband on his cross-complaint by the Superior Court of Navajo County.

Plaintiff and defendant were married on May 29, 1945, and have resided in Navajo County during their married life. Four male children have been born as issue of such marriage. The undisputed evidence showed that the marriage was a happy one until the summer of 1955 when one Gordon Davis alienated the wife's affection for her husband. This affair, which the trial court found to be only platonic, continued until August 1956, with plaintiff and Gordon Davis secretly seeing each other during this time at the Henning home and at other places. The plaintiff readily admitted to the defendant that Gordon Davis was in love with her and that she herself had mixed feelings as to who she loved—the husband or Gordon Davis. On one occasion the plaintiff confided to the defendant's sister that she thought she loved Gordon Davis, that she thought she had not known before what love really meant, that she felt she had really found herself for the first time in her life.

The plaintiff became cold and indifferent toward her husband causing the latter mental and physical anguish adversely affecting his effectiveness in his work. On advice of the defendant the plaintiff consulted psychiatrists in an effort to solve her problems. In June 1956, the parties had a trial separation. The plaintiff and the four children moved to Phoenix, where on at least one occasion the plaintiff once again met with Gordon Davis.

In August 1956, the plaintiff wrote the defendant to come to Phoenix to discuss a reconciliation. The defendant informed the plaintiff that it would not work unless she could return as a full partner to the marriage and show affection towards him. The plaintiff did not accept these conditions but instead stated that since she was still under an emotional strain he should be patient with her and that they should live together to see if there was "any possibility of having a marriage again." In September 1956, the plaintiff returned to the matrimonial home.

From September 1956 to February 1957, the parties cohabited together. The relationship was one of coldness on the part of the plaintiff towards the defendant with little conversation. The parties separated again, and the plaintiff brought suit for divorce on the grounds of cruelty. The defendant cross complained for divorce alleging cruelty on the part of the plaintiff. In answering the cross-complaint the plaintiff

plead the affirmative defense of condonation.

The plaintiff has raised four assignments of error. First, the plaintiff contends that defendant condoned the cruelty arising from the plaintiff's association with Gordon Davis by a resumption of the marital status, thus barring him from a divorce on those grounds in his cross-complaint.

The principles of condonation as a bar or defense in a divorce action have their origin in the canon law of the Roman Catholic Church. The common law still applies these principles of the ecclesiastical courts with a few changes to meet new problems. 32 A.L.R.2d 107, 112. It was in adultery cases that these principles were first developed. Today they are applied to almost all cases involving the statutory grounds for divorce. Only a few jurisdictions in this country have statutes concerning condonation in other than adultery actions. 32 A.L.R.2d 153, 175. Our statute concerning condonation is only in reference to a defense to adultery as a ground for divorce. A.R.S. § 25–313. The statutes not limiting such defense to adultery cases, we therefore look to the common law for its application. A.R.S. § 1–201.

■ Condonation in the law of divorce is the full and free forgiveness, expressed or implied, of an antecedent matrimonial offense on condition that it shall not be repeated and that the offending party shall treat the other with conjugal kindness. Condonation, to be effective, must reveal an intent and understanding to forgive and forget and the intent is to be revealed by each party. Stringfellow v. Stringfellow, Wash., 350 P.2d 1003; Hollway v. Hollway, 344 Mich. 304, 73 N.W.2d 833; Duwe v. Duwe, 246 Iowa 1336, 72 N.W.2d 501; Carpenter v. Carpenter, 248 Iowa 202, 80 N.W. 2d 323.

■ The facts in the present case show that the parties began living together again after the trial separation on the implied promise of the plaintiff to desist from future marital derelictions and to treat the defendant with conjugal kindness. The plaintiff, it is true, did not meet with Gordon Davis during this time. However, by showing no affection towards the defendant and reacting coldly with no feeling to his advances, the defendant was again subjected to the same treatment he received before when she was seeing Gordon Davis and with the same adverse effects in his work. The plaintiff still was confused as to whether she loved her husband. From these facts we cannot say that there was a reconciliation between the parties. The defendant testified that he was willing to forgive the plaintiff but only conditioned upon the plaintiff's changed treatment of him. If there is any one undisputed factor in this case, it is that the plaintiff never accepted this condition but resisted it.

**334**

■ The law looks with favor upon attempts to reconcile the differences between spouses in order to avoid divorce. However, when the offending party returns after a separation upon an express or implied promise of better behavior, the other party will not be deprived of his right to complain of the antecedent offenses if that promise is broken. York v. York, Ky., 280 S.W.2d 553; Bouska v. Bouska, 249 Iowa 281, 86 N.W.2d 884. A spouse's endurance of cruelty in hope that the other will change and to keep the family together is more in the nature of probation. We therefore hold that probationary reconciliation in the hope that the offending spouse will change her conduct does not constitute condonation, and neither did the fact that the defendant has made repeated efforts to get along with the plaintiff amount to condonation.

■ The plaintiff further contends that the trial court erred in not awarding her the divorce as the trial court found sufficient corroboration to support her charge of cruelty. After a review of the record, we find that the grounds of cruelty alleged by plaintiff were provoked by her own actions and thus do not constitute sufficient grounds for her complaint. Chester v. Chester, 69 Ariz. 104, 210 P.2d 331.

■ The plaintiff assigns as error the reception into evidence of possible future earnings of the defendant as a basis for determining alimony and child support payments. The evidence adduced showed that the defendant was a salaried employee of his father receiving a sum of $500 a month. During the years of their marriage the father greatly supplemented the income by granting the defendant bonuses. The disputed evidence concerned the ability or willingness of the father to grant such bonuses in the future. We fail to find any error to this evidence under such circumstances. It is presumed that the trial court sitting without a jury only considered competent evidence in its decision. Odom v. First Natl. Bank of Arizona, 85 Ariz. 238, 336 P.2d 141.

Lastly, the plaintiff contends that the trial court abused its discretion (1) in granting defendant custody of the children for the summer months, (2) in the amounts awarded as alimony and child support, (3) in the division of the community property and (4) in failure to award plaintiff reasonable attorney fees.

■ Both parties agreed at the trial of this action that the other was a fit and proper person to have the custody of the children. In awarding the custody of a minor child in a divorce proceeding the interest of the child is the paramount importance. Ward v. Ward, 88 Ariz. 130, 353 P.2d 895. In the absence of evidence to the contrary the law presumes the fitness of the father to have partial custody. Ward v. Ward, 88 Ariz. 285, 356 P.2d 30. The

trial court is given broad discretion in determining what will be most beneficial for the child in awarding custody since the trial judge is in the best position to determine what is best, and this court will not disturb his decision unless he has mistaken or ignored the evidence. Galbraith v. Galbraith, 88 Ariz. 358, 356 P.2d 1023. The trial court awarded custody of the four minor sons of the parties to the plaintiff during the school term and to the defendant during the summer school vacation with reasonable visitorial privileges with the children to each parent while the children are in the custody of the other. Under the circumstances of this case we find that the trial court did not abuse its discretion in awarding partial custody to the defendant.

■ The plaintiff was awarded $100 a month as permanent alimony. In view of the amount the defendant was required to pay for child support and to pay the mortgage on the home, we find that this bore a reasonable relation to the defendant's salary. Regardless of this, the general rule concerning the granting of alimony where the divorce is awarded the husband is that the wife should not be granted permanent alimony. While this court approves of this rule we have said that it is within the discretion of the trial court as to whether it should be adhered to in each case. McFadden v. McFadden, 22 Ariz. 246, 196 P. 452.

■ The evidence revealed that the defendant's salary was $500 a month and that the plaintiff had sizeable resources available to her. Taking this into consideration the trial court awarded $65 a month per child as support to be paid by the defendant. In view of such evidence, this was a reasonable amount. In refusing to grant the plaintiff attorney fees, the court determined that it was not warranted because of the amount the court had already awarded the plaintiff for alimony and child support and since the plaintiff had ample resources available to her. The court did not abuse its discretion in not awarding plaintiff attorney fees. Wood v. Wood, 76 Ariz. 412, 265 P.2d 778. Nor do we find an abuse of discretion in granting the plaintiff possession of the family home so long as she remains unmarried and holding that the title thereto is to be held by the parties as tenants in common. The division was "just and right" according to the rights of each party and their children. A.R.S. § 25–318. Honig v. Honig, 77 Ariz. 247, 269 P.2d 737.

The judgment is in all respects affirmed.

STRUCKMEYER, C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.