432 P.2d 143

John H. PATTERSON, now deceased, by and through Henderson Stockton, Executor of the Estate of John H. Patterson, Deceased, Appellant,

v.

Nadine M. PATTERSON, Appellee.

No. 8559.

Supreme Court of Arizona.

In Division.

Sept. 29, 1967.

Stockton & Hing, Phoenix, for appellant.

Kenneth S. Scoville and LeRoy W. Hofmann, Phoenix, for appellee.

UDALL, Justice:

This appeal is from an order entered by the court below in a divorce proceeding fixing the amount of arrearage due and owing from the appellant, hereinafter referred to as defendant, to the appellee, hereinafter referred to as plaintiff, for alimony and support payments.

The essential facts to this appeal are as follows: Defendant, John H. Patterson, now deceased, was an experienced and successful physician and surgeon of thirty years' experience. He was married to the plaintiff, Nadine M. Patterscn, from June 27, 1952, until their divorce in April of 1955. The divorce ultimately went uncontested with the parties agreeing on a property settlement in which plaintiff was transferred a one-third interest in substantial amounts of property. During the course of the marriage they adopted two children, who at the time of the initiation of this action, were both in their teens and attended Phoenix public schools. Plaintiff and defendant were remarried on June 14, 1958 and they lived together with their children in the family residence until June 1962.

On June 26, 1962, plaintiff filed a complaint in which she prayed, among other things, that a decree of divorce be granted and that an order to show cause issue requiring defendant to appear and show cause why he should not be required to pay plaintiff pendente lite a reasonable sum for the support and maintenance of herself and the minor children of the marriage, and for attorneys fees. An order was so issued and the hearing held commencing November 19, 1962.

It was adduced at the hearing that for the year 1961 defendant had a taxable income of $5,351.41. During the first nine months of 1962, his net income from the practice of medicine was approximately $4,196.23. In addition, he received $62,000 from the sale of real property and $6,800 as a dividend on stock. On the date of the order to show cause hearing defendant held a property interest in sixty-eight shares of stock of Arizona Downs, forty acres of desert land, jewelry of a value not exceeding $7,000, a loan to a son of $5,890, a new Chrysler New Yorker automobile, a balance of approximately $10,000 in a bank account and his joint interest in the family residence valued at approximately $75,000 with a present mortgage of approximately $15,000.

Prior to June of 1962, defendant regularly paid, among other expenses, the house payments, the utility bills, the grocery and milk bills, ordinary clothes for the children, automobile expenses, country club member-

ship, school expenses for the children and the salary of a maid. Even though these monthly expenses averaged in excess of $1800 per month, defendant contributed only $200 toward their payment from June 1962 until the date of the hearing to show cause. At that time the house payments were three months in arrears and foreclosure was imminent.

During the corresponding period—the first nine months of 1962—plaintiff received income amounting to approximately $14,000. At the time of the hearing she was possessed of substantial property, both real and personal, valued approximately between $150,000 to $200,000. Her health was such that she was unable to work.

Upon conclusion of the evidence, the trial judge made a partial temporary ruling. Thereafter briefs were filed, and on December 21, 1962, he approved a formal written copy of his order regarding utilities, etc., as follows:

"The court having heard the testimony and examined the exhibits and having heard the argument of counsel, and having taken this matter under advisement and after due consideration in the premises and good cause appearing therefore, the court makes the following partial temporary ruling in regard to the order to show cause heard by this court:

"IT IS ORDERED that the defendant, John H. Patterson, pay to the plaintiff through the Clerk of this court the sum of $559.75 per month and plaintiff is directed to use said sum for the following purposes:

"1. $175.00 per month for the food of plaintiff and the minor children of the parties.

"2. $140.00 per month as and for the wages of the maid.

"3. $150.00 per month for the payment of utilities which shall include gas, electricity, water, lights, power, telephone and irrigation.

"4. $94.75 as and for the mortgage payment on the residence of the parties.

"The first of said payments of $559.75 shall be paid by the defendant to the plaintiff through the Clerk of this court on or before the 24th day of December, 1962, and a payment in like amount shall be made on or before the 15th day of every month thereafter until further order of this court."

On February 25, 1963, the trial judge issued an opinion and pendente lite order in addition to that of December 21, 1962.

\* \* \* \* \* \*

"ORDER that the defendant pay as and for the support, maintenance and education of the two minor children of the parties the sum of Six Hundred ($600) Dollars per month, and same shall be paid to the plaintiff through the office of the Clerk of the Court—first payment shall be so made on the 4th day of March, 1963, and payments in like amounts shall be made on or before the 4th day of each and every month thereafter until further order of the Court.

"ORDER that the Plaintiff shall keep and present to this Court, when so requested by the Court, a detailed account of the expenditures made by plaintiff for the support, maintenance, and education of the two minor children of the parties.

"ORDER that the defendant shall pay through the Clerk's Office, as and for alimony for the plaintiff, the sum of One Dollar ($1.00) per month.

"IT IS FURTHER ORDERED that the defendant shall, forthwith, pay through the Clerk's office, one-half of all payments necessary to reinstate the loan on the residence of the parties, and if the said loan was not reinstated in accordance with the letter of A. B. Robbs Trust Company under date of January 3, 1963 and addressed to the plaintiff, the defendant is ordered to likewise pay, forthwith, through the said Clerk's office, one-half of all sums paid by plaintiff to satisfy said loan."

\* \* \* \* \* \*

No appeal was taken from either of these orders. For a period of three months

beginning with December 1962, defendant made monthly payments of $559.75. A payment of $1,487.21 was made in March 1963, and thereafter, until February 1964, he made monthly payments of $748.50.

On March 14, 1964, defendant died and an executor was appointed for his estate. Plaintiff petitioned the court for an order determining and fixing the arrearage of alimony and support payments due and owing from defendant's estate. Oral arguments were had and on July 1, 1964 the trial judge found that the order of February 25, 1963 did not supersede the order of December 21, 1962 and fixed the arrearage in the amount of $5,695.50. Appeal was taken from this order.

■ Defendant assigns as error the court's finding that the order of February 25, 1963, directing the defendant to pay $600 per month to the plaintiff for the support and maintenance of the parties' two minor children did not supersede the temporary order of December 21, 1964 which directed the defendant to pay $559.75 per month for the support and maintenance of the two minor children. It is contended that only a change in the circumstances of the parties would justify an increase in the pendente lite award for support and maintenance of the minor children. This argument, of course, presupposes that the February 25, 1963 order superseded rather than supplemented the order of December 21, 1962. Based on this supposition, if there was no showing of a change in circumstances, such a modification would not be justified.

■ We find no merit in defendant's position. The trial judge himself ruled that the February 25, 1963 order did not supersede that of December 21, 1962. This finding is supported by ample evidence in the record before us. See American Surety Company of New York v. Nash, 95 Ariz. 271, 389 P.2d 266 (1964). No indication was made by the trial judge that the second order in any way vacated or was in lieu of the first. Indeed, it is apparent that

the trial judge contemplated making more than one order on the matter of temporary alimony and support by the fact that at the conclusion of the hearing on the Order to Show Cause he indicated that he would "rule on matters re: payment of utilities on or before the 7th day of December, 1962," and the further fact that on December 21, 1962 he referred to the order of December 7, 1962 as a "partial temporary ruling."

A reading of the two orders supports this position. The two orders are complementary in that each is addressed to different expenses incurred and regularly paid for by defendant prior to initiation of the divorce proceeding. The first order was primarily concerned with so called emergency matters i.e., providing a home and food for the minor children. Consistent with this interpretation defendant was ordered to pay utility expenses, share the house payments which were then in arrears, and provide a sum for the food of the plaintiff and children. The second order, on the other hand, made an allowance for the education of the minor children and for the many other items of support which defendant had testified he had normally paid.

■ Were to indulge in defendant's supposition that the first order was superseded by the second, the jurisdictional requirement of Rule 73(b), Rules of Civil Procedure, 16 A.R.S., would preclude us from reviewing whether there was a change in circumstances justifying the second order, there being no appeal within sixty days from its entry. Marquez v. Rapid Harvest Co., 89 Ariz. 62, 358 P.2d 168 (1960); Murphey v. Gray, 84 Ariz. 299, 327 P.2d 751 (1958).

■■ Defendant argues that it was an abuse of the trial judge's discretion to enter an order by which defendant-husband was required to pay pendente lite a sum which greatly exceeded his earning capacity and income as maintenance and support for his minor children. This argument, rather than attacking the trial court's finding that

the two orders were supplementary, is a direct attack against the combined orders as an excessive award for maintenance and support of the minor children. The perfecting of an appeal within the time prescribed by statute is jurisdictional. Harbel Oil Company v. Steele, 80 Ariz. 368, 298 P.2d 789 (1956). Since neither order was appealed, the question of excessiveness is beyond the jurisdiction of this court.

■ Section 25–315, A.R.S., empowers the court "in its discretion" to require the husband to pay as alimony money necessary "for support and maintenance of the wife or minor children of the parties." Even if the two orders were properly before this court, it would not attempt to substitute its judgment for that of the trial court in the absence of an abuse of discretion. Henning v. Henning, 89 Ariz. 330, 362 P.2d 124 (1961). The amount to be awarded for child support must necessarily depend upon the facts and circumstances of each particular case. See Tennery v. Tennery, 35 Ariz. 69, 274 P. 638 (1929).

■ Defendant seeks to portray the excessiveness of the award by comparing his earned income of 1962 with the combined award of the two orders. The record is devoid of evidence with respect to the defendant's income from his medical practice other than for the year 1961 and the first nine months of 1962. Considering that period of time only, it would appear that the combined amount of the two awards was excessive. However, in view of his accumulated property holdings, the standard of living to which he and his family was accustomed and his reputation as an experienced physician and surgeon in the community, it could well be assumed that the defendant had an earning capacity much in excess of that actually earned immediately preceding this action. The evidence is somewhat contradictory as to the reasons for defendant's limited income in 1961 and 1962, but irrespective of such reasons, where no showing was made that he lacked the ability or capacity to work, his obligation to his wife and children cannot be diminished because he preferred to be idle rather than industrious or because of his own improprieties he caused a diminution in his medical practice income.

■ In addition to the ability of the father to pay, other factors to be considered in setting an amount to be awarded for support and maintenance are the needs of the children and the standard of living to which they are accustomed. Kennedy v. Kennedy, 93 Ariz. 252, 379 P.2d 966 (1963); Pencovic v. Pencovic, 45 Cal.2d 97, 287 P.2d 501 (1955); and see 24 Am.Jur.2d, Divorce and Separation §§ 839–840. The record contains sufficient evidence establishing the standard to which the children were accustomed. In the absence of a showing that that standard was beyond the capacity or means of the defendant or that the amount of the award included expenses which were unnecessary or unduly extravagant, we cannot say that the trial judge abused his discretion.

The defendant's final argument is that the equitable doctrine of laches operates as a bar to the fixing of an arrearage by reason of the elapse of almost a year and a half before claim was made that facts existed which would give rise to an arrearage.

■ There is evidence in the record which would negative defendant's claim of an unreasonable delay evidencing either an abandonment by the plaintiff of her claim or prejudice to the defense against such claim. Barr v. Petzhold, 77 Ariz. 399, 273 P.2d 161 (1954). Furthermore, the primary recipients of the award for support and maintenance in the instant case are the minor children of the parties. Under the facts here involved, it would be inequitable to bar them from their right to support by charging plaintiff with laches. See Jose v. Lyman, 316 Mass. 271, 55 N.E. 2d 433, 154 A.L.R. 190 (1944); see also 27 Am.Jur.2d, Equity § 168.

Judgment affirmed.

BERNSTEIN, C. J., and STRUCKMEYER, J., concur.