ZETTEL v. ZETTEL.

DIVORCE—RECONCILIATION—CONDONATION—MOTION—TESTIMONY.

> Dismissal of divorce action on motion alleging reconciliation, where the hearing considered only arguments of counsel for the parties as to whether plaintiff had condoned the defendant's offense, with no testimony by either party although both were present, *held,* error requiring vacation of judgment and remand for further proceedings.

Appeal from Wayne, Fitzgerald (Neal), J. Submitted Division 1 May 17, 1968, at Detroit. (Docket No. 4,378.) Decided July 26, 1968.

Complaint by Deanna Kay Zettel against Gordon A. Zettel, Jr., for divorce. Complaint dismissed on defendant's motion suggesting that parties had reconciled. Plaintiff appeals. Judgment vacated and cause remanded.

*Millar, Weinberg & Necker,* for plaintiff.

*Craig & Heidt,* for defendant.

PER CURIAM. On October 27, 1966, plaintiff-wife filed suit for divorce alleging extreme and repeated cruelty. Defendant-husband answered the complaint denying the ground of divorce alleged. On August 28, 1967, defendant filed a motion for dis-

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation §§ 344, 349.

missal asserting that the "parties have reconciled and are now living together as husband and wife." Following a hearing on the motion, the trial judge entered an order dismissing plaintiff's action. Plaintiff appeals from the trial court's refusal to vacate its order dismissing her suit for divorce.

There was no testimony under oath given by the parties relating to the issue of condonation at the hearing on defendant's motion to dismiss (even though the parties were present at the hearing). The trial court had before it only the arguments of the respective counsel as to whether or not plaintiff had condoned by her actions the defendant's claimed offense against the marriage. Paraphrased statements of these arguments to the trial court appear in an "order settling record," included in the lower court record on appeal. They indicate a claim of condonation by defendant and a denial of defendant's claim by plaintiff.

The absence of an agreement by the parties of condonation or testimony of the parties indicating the same, precludes a finding of condonation by the trial court. 10 Callaghan's Michigan Pleading and Practice, §§ 70.70, 70.71. *Curtis* v. *Curtis* (1930), 250 Mich 105; *Hollway* v. *Hollway* (1955), 344 Mich 304.

The order of dismissal is vacated and the cause remanded for further proceedings not inconsistent with this opinion. Costs to plaintiff.

T. G. KAVANAGH, P. J., and HOLBROOK and BEER, JJ., concurred.