NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

NICHOLAS RIVERA, *Petitioner/Appellee,*

*v.*

SUMMER LEORA DRAKE, *Respondent/Appellant.*

No. 1 CA-CV 15-0313 FC
FILED 4-12-2016

Appeal from the Superior Court in Maricopa County
No.  FC2014-071143
The Honorable Kathleen H. Mead, Judge

**AFFIRMED**

APPEARANCES

Nicholas Rivera, Avondale
*Petitioner/Appellee*

The Cordrey Law Firm PLC, Phoenix
By Michael E. Cordrey
*Counsel for Respondent/Appellant*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Margaret H. Downie joined.

**G E M M I L L**, Judge:

¶1  Summer Proctor ("Mother"), fka Summer Drake, appeals the trial court's ruling awarding Nicholas Rivera ("Father") joint legal decision-making authority and equal parenting time for their daughter ("Z.R.") and denying Mother child support and attorney fees.[1]  For the following reasons, we affirm.

## PROCEDURAL HISTORY

¶2  Father filed a petition to establish legal decision making, custody, parenting time, and child support in June 2014.  The trial court held an evidentiary hearing in February 2015, and issued a ruling in favor of Father shortly thereafter.  Mother filed a motion for new trial that the trial court denied.  She timely appeals, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## ANALYSIS

¶3  Mother presents four arguments.  First, she claims that the trial court abused its discretion by awarding Father joint legal decision-making and equal parenting time.  Next, Mother contends the trial court's analysis and ruling regarding child support and arrearages was an abuse of discretion in light of the testimony and evidence.  Third, Mother argues that the trial court erred in cutting off certain lines of questioning during the evidentiary hearing.  Finally, Mother contends the trial court should have awarded her attorney fees and costs.

## I.    Legal Decision-Making (Custody) and Parenting Time

¶4  We review the trial court's ruling for an abuse of discretion and view the evidence in the light most favorable to sustaining its findings. *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 17 (App. 2015).  "Our duty on review does not include re-weighing conflicting evidence," and we will uphold the trial court's ruling if substantial evidence supports it.  *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

---

[1]  Father did not file an answering brief on appeal.  Although his failure to file an answering brief could be considered a confession of error, we choose in our discretion to resolve this appeal on its merits. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994).

**¶5** Mother argues primarily that the trial court's best interest findings under A.R.S. § 25-403 were not supported by the evidence and the court's "rushed move to fifty-fifty parenting time" was in conflict with the Parenting Conference Report ("PCR"). A court may take PCR recommendations under consideration, but it is not bound by them. *See DePasquale v. Superior Court (Thrasher)*, 181 Ariz. 333, 336 (App. 1995) (the court must not "delegate a judicial decision to an expert witness" and must "exercise independent judgment."). And the trial court's order shows the court did follow some of the PCR's recommendations, as it ordered a gradual increase in parenting time as well as parenting classes for Mother and Father.

**¶6** Mother's other evidentiary arguments generally involve one of several issues: an incident that allegedly occurred between Z.R. and Father's fiancée's son; the email and messaging exchanges between Mother, Mother's counsel, Father, and Father's fiancée; Father's medical marijuana use and past arrests for marijuana possession; and two past instances of domestic violence between Father and Mother.

**¶7** The trial court took into consideration "the evidence, the demeanor of the witnesses; . . . the exhibits, *including the Parenting Conference Report*, as well as the case history, and . . . the parties' arguments." (Emphasis added). Although Mother points to perceived inconsistencies and contradictions within almost every facet of the ruling, a comprehensive review of the record — including all transcripts and exhibits — reveals that the trial court's reasoning was supported by substantial evidence in each instance. It is within the purview of the trial court to weigh the credibility of each witness and exhibit, and we will not supplant its discretion with our own. *See Hurd*, 223 Ariz. at 52, ¶ 16. Accordingly, the trial court did not abuse its discretion.

## II. Child Support and Arrearages

**¶8** We review for an abuse of discretion a trial court's decision on whether to award or modify child support. *In re Marriage of Robinson and Thiel*, 201 Ariz. 328, 331, ¶ 5 (App. 2001). "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999) (quoting *Fought v. Fought*, 94 Ariz. 187, 188 (1963)) (internal quotes omitted).

**¶9**        Mother alleges the trial court abused its discretion in refusing to award her child support and arrearages.  Regarding child support, Mother contends the evidence showed a substantial difference between Father's income ($2,250 per month) and Mother's income ($200 per month) that merits child support.  There was evidence, however, that Mother — after Father filed his initial petition — voluntarily left her job that paid substantially more than her current reported income.  *Cf. Patterson v. Patterson*, 102 Ariz. 410, 415 (1967) (voluntary diminution of income does not lessen obligation to children); *see also Little*, 193 Ariz. at 522, ¶ 13 (a voluntary decision to leave employment is less reasonable when the parent is capable of finding a suitable job).

**¶10**        Concerning arrearages, Mother contends there was undisputed evidence that Father exercised equal parenting time only during the 18 months prior to initiating these proceedings in June 2014, and she seeks child support for the period of time more than 18 months before these proceedings began.  Section 25-320(C), A.R.S., gives the trial court power to award child support retroactively but that power is discretionary, not mandatory.  Here, the trial court specifically found "no evidence was presented as to any earlier parenting time schedule" and it could not "determine whether either parent owes the other child support retroactively."

**¶11**        Most of Mother's substantive "evidence" on this point consisted of Mother's volunteered assertions during her attorney's closing argument, after the close of evidence.  Mother was no longer on the stand as a witness.  It was entirely appropriate, therefore, for the trial court to disregard Mother's assertions.[2]  Furthermore, the record contains substantial evidence that Father would have exercised more parenting time during the pendency of this action if not for the conditions imposed by Mother.

**¶12**        The record contains competent evidence to support the trial court's ultimate determination that Father did not owe child support or arrearages.  We therefore conclude the trial court did not abuse its discretion in denying Mother's requested payments.

---

[2]    Even if Mother's volunteered statements could be considered as testimony, Father did not have an opportunity to cross-examine her on these particular statements.  *See Goldberg v. Kelly*, 397 U.S. 254, 269 (1970) (emphasizing that "due process requires an opportunity to confront and cross-examine adverse witnesses").

### III.    Witness Examination

¶13     We review a trial court's evidentiary rulings for an abuse of discretion and will affirm exclusion of evidence unless there is a clear abuse or legal error plus prejudice. *John C. Lincoln Hosp. and Health Corp. v. Maricopa County*, 208 Ariz. 532, 543, ¶ 33 (App. 2004).

¶14     Mother contends the trial court abused its discretion in cutting off examination of Mother, Father, and Father's fiancée involving the alleged incident between Z.R. and Father's fiancée's young child, Father's use of medical marijuana, the existence of inappropriate materials on Father's laptop that Z.R. may have had access to, and Father's purposeful omissions to the trial court when opposing drug testing.

¶15     Our review of the transcript reveals no abuse of discretion by the trial court in any of these instances. The court has wide discretion in determining relevance and managing the trial, and we find no abuse of discretion in the limitations imposed here. *See State v. Navarro*, 132 Ariz. 340, 342 (App. 1982) ("The trial court in limiting cross-examination is thus entitled to rely upon what the record before it reveals to be the relevancy of the cross-examination attempted."); *see also* Ariz. R. Evid. 611.

### IV.    Attorney Fees

¶16     We review for an abuse of discretion a trial court's decision regarding attorney fees. *See Mangan v. Mangan*, 227 Ariz. 346, 352, ¶ 26 (App. 2011). Mother argues the trial court erred in refusing to award her attorney fees. She bases her contention on the trial court's findings that there was no substantial disparity of financial resources and neither parent acted unreasonably in the litigation.

¶17     Arizona law gives a trial court power to award attorney fees based on financial disparity and reasonableness of the positions taken in litigation. A.R.S. § 25-324. That power is discretionary, however, and the record supports the trial court's decision not to award fees to either party.

¶18     Mother believes the evidence shows a great financial disparity between the parties, and further alleges Father acted unreasonably in his "voluminous" communication with Mother's attorney that incurred higher fees. We do not agree. The record shows ordinary discourse between two concerned parties determining parenting time and stipulations. Father's communications are no more "voluminous" and

unnecessary than Mother's, and the fact that Father choose not to retain an attorney and incur legal fees should not be held against him.

**¶19** Regarding the question of financial disparity, the trial court did not abuse its discretion for the same reasons we concluded it did not err concerning child support. *See supra* ¶¶ 9-12. We therefore conclude that the trial court did not abuse its discretion in its refusal to award attorney fees.

## CONCLUSION

**¶20** For the forgoing reasons, we affirm the ruling of the trial court and, in our discretion, deny Mother's request for attorney fees on appeal.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama