NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, ex. rel. DES, ROBERTA K. McEVOY,
*Petitioners/Appellees*,

*v.*

WARREN T. McEVOY, *Respondent/Appellant*.

No. 1 CA-CV 18-0694 FC
FILED 12-5-2019

Appeal from the Superior Court in Maricopa County
No. DR0000-227344
The Honorable Brian Kaiser, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Petitioner/Appellee State of Arizona*

Warren T. McEvoy, Phoenix
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jennifer M. Perkins joined.

---

**M c M U R D I E**, Judge:

**¶1** Warren T. McEvoy appeals from the superior court's order that maintained his monthly payments for child support arrearages and implicitly denied his petition to vacate past child support and spousal maintenance awards. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** In August 2004, the State, on behalf of the Department of Economic Security ("DES"), initiated a Title IV-D[1] action seeking judgments against McEvoy for child support and spousal maintenance arrearages and interest owed to DES as the assignee from McEvoy's former spouse and three emancipated children. At a November 2004 hearing, the State alleged that McEvoy owed $12,738.52 and $1100 in child support and spousal maintenance arrearages, respectively, through September 30, 2004. The State also claimed that McEvoy owed $14,921.39 and $1705.51 in interest on the respective arrearages for the same period.

**¶3** McEvoy agreed with the State's child-support-arrearages figure but argued: (1) he and his former spouse had resolved the issue of unpaid spousal maintenance privately some time ago; and (2) that, at a

---

[1] Title IV-D refers to Title IV-D of the Social Security Act, 42 United States Code ("U.S.C.") sections 651 to 669.

hearing in 1999 to resolve a petition McEvoy filed in 1996[2] to modify his child support obligations, the court should have suspended the imposition of future interest from the date the petition was filed until December 2000 because he was incarcerated during that period. *See* Ariz. Rev. Stat. ("A.R.S.") § 25-327(D). After the hearing in 2004, the court entered judgments in the amounts alleged by the State for the child support arrearages, spousal maintenance arrearages, and interest on the spousal maintenance arrearages. When the court offered McEvoy an opportunity to present evidence that he had raised the suspension-of-interest issue at the 1999 hearing, McEvoy declined the offer. He explained that he would not have time to brief the question due to events in his life and requested the court issue a judgment for the interest on child support arrearages. The court entered a judgment for the interest on the child support arrearages in the amount alleged by the State and, per an agreement by the parties, set McEvoy's monthly payment towards the judgments at $75 plus a $2.25 Clearinghouse fee. McEvoy did not appeal.

¶4          In October 2017, McEvoy petitioned to vacate spousal maintenance and child support and to modify the previous judgments. In the petition, McEvoy argued that: (1) DES improperly added the balance of McEvoy's outstanding spousal maintenance arrearages and interest to the balance of his unpaid child support arrearages and interest upon his former spouse's death in March 2016; and (2) the court violated A.R.S. § 25-327(D) and McEvoy's constitutional rights by failing to suspend the interest accruing on his child support and spousal maintenance arrearages at either the 1999 or 2004 hearings. McEvoy requested that the court vacate his remaining obligations to the State and refund any overpayment to him or,

---

[2]          McEvoy filed a petition to modify his child support in 1996 to request his support obligation be reduced to five dollars per month, and cited his conviction and imprisonment as a substantial and continuing changed circumstance justifying modification. *State ex rel. DES v. McEvoy*, 191 Ariz. 350, 351, ¶¶ 3–4 (App. 1998). The superior court concluded that it was required to presume his income was at least the federal minimum wage pursuant to then A.R.S. § 25-320(I) (now A.R.S. § 25-320(N) (2008)) regardless of his actual earning capacity in prison. *McEvoy*, 191 Ariz. at 351, ¶ 5. This court reversed and held that the statute's plain language allowed evidence of incarceration to be admitted rebutting a minimum wage presumption. *Id.* at 354, ¶¶ 18–19. The 1999 hearing concerned the court proceedings which occurred on remand following the issuance of this court's mandate.

in the alternative, that the court reduce his current monthly payments based on his current financial situation.

**¶5** The court scheduled an August 2018 hearing on McEvoy's petition. Approximately one month before the hearing, McEvoy filed a "Motion to Supplement" under Arizona Rule of Family Law Procedure ("ARFLP") 28(d),[3] requesting the court permit him to present newly discovered "facts and issues" he believed were relevant to his case. Nine days before the hearing, and before the court had ruled on the motion, McEvoy filed a 57-page "supplement" alleging that his constitutional rights had been violated by actions taken by his former spouse, the State, and the superior court during various proceedings in the 1990s, including the 1999 hearing.

**¶6** At the beginning of the August 2018 hearing, the State objected to McEvoy's motion to supplement on timeliness grounds. After hearing from the parties and reviewing the supplement's contents, the superior court denied the motion. Throughout the rest of the hearing, McEvoy continuously tried to raise issues concerning the 1999 and 2004 hearings, which the court rejected. The court eventually focused McEvoy on modifying his monthly payment towards his child support and spousal maintenance arrearages. The State deferred to whatever monthly payment McEvoy thought was reasonable. After discussion with the court, McEvoy expressed that he wanted the monthly payments to remain at $80. Near the end of the hearing, McEvoy raised the argument that DES had improperly increased his child support arrearages principle by adding his outstanding spousal maintenance arrearages to his child support arrearages. To support his argument, McEvoy attempted to introduce a page from an arrears calculation—allegedly generated by DES in July 2017—which substantially differed from the arrears calculation filed by the State before the hearing. The State objected on timeliness and relevancy grounds. The court reviewed the proposed evidence and declined to take further action.

**¶7** Ultimately, the court issued a judgment, denied McEvoy's motion to supplement, and ordered that McEvoy's payments towards arrearages remain at $75 per month, plus a $5 Clearinghouse Fee. McEvoy appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), -2101(a)(2), and ARFLP 78(c). *See Cone v. Righetti*, 73

---

[3] The Arizona Rules of Family Law Procedure were revised effective January 1, 2019. Because there are no substantive changes between the old and new rules, in this decision we will cite the rules currently in force.

Ariz. 271, 274–75 (1952) (order modifying custody and support appealable under the prior version of A.R.S. § 12-2101(a)(2)).

## DISCUSSION

**A.    This Court Lacks the Authority to Address McEvoy's Claims Regarding the Proceedings Resulting in the 1999 and 2004 Judgments.**

¶8    McEvoy directs most of his arguments on appeal towards the 1999 and 2004 judgments. Specifically, McEvoy argues the superior court deprived him of his constitutional rights during the 1999 hearing by failing to suspend the interest accruing on his child support and spousal maintenance arrearages. As for the 2004 hearing, McEvoy contends that the court should have addressed and remedied the suspension-of-interest issue before entering the judgments for child support and spousal maintenance arrearages and interest. Both the superior court and this court lack the authority to address these arguments, for two reasons.

¶9    First, the superior court did not have the authority to modify or vacate any child support or spousal maintenance arrearages or interest that had already accrued by the date McEvoy filed his 2017 petition. "In Arizona, installments of spousal maintenance and child support become vested when they become due . . . . [and] [e]ach installment . . . is in the nature of a final judgment conclusively establishing the rights and duties of the parties to that installment." *Jarvis v. Jarvis*, 27 Ariz. App. 266, 267–68 (1976). Therefore, "[s]upport payments may not be retroactively modified by a court." *Ray v. Magnum*, 163 Ariz. 329, 332 (1989). A.R.S. § 25-503(E), which governs petitions to modify, vacate, or terminate orders for spousal maintenance and child support, prohibits modification of child support or spousal maintenance "as to any amount that may have accrued as an arrearage" before the date the petition is filed. *See also* A.R.S. § 25-527(A) (same but for petitions to modify provisions within decrees of dissolution). And because the superior court has no authority to address spousal maintenance and child support arrearages and interest on a petition filed under A.R.S. §§ 25-503(E) or -527(A), we cannot address such issues on an appeal from the resulting judgment. *See McHazlett v. Otis Eng'g Corp.*, 133 Ariz. 530, 533 (1982) ("If a lower court has no jurisdiction to issue an order an appeal from that order gives the appellate court no jurisdiction except to dismiss the appeal.").

¶10    Here, the evidence presented by the State at the hearing and the evidence within the record demonstrates that McEvoy's obligation to

provide spousal maintenance and child support had already terminated by 2017 and that the remaining judgments only concerned arrearages and interest. The superior court recognized that McEvoy's arguments concerning the 1999 and 2004 hearings were an attempt to retroactively modify arrearages and interest that had accrued long before the petition was filed, and properly cabined itself to what it could consider: whether McEvoy's monthly arrearage payments should be lowered. We must do the same.

¶11 Second, this court lacks authority to address any alleged error that occurred during the 1999 and 2004 hearings because McEvoy failed to appeal from the judgments entered after either hearing. "[A] notice of appeal must be filed no later than thirty days after entry of the judgment or order from which the appeal is taken." *In re Marriage of Dougall*, 234 Ariz. 2, 5, ¶ 7 (App. 2013); *see also* Ariz. R. Civ. App. P. ("ARCAP") 9(a). "[T]he timely filing of a notice of appeal is a jurisdictional prerequisite to appellate review." *In re Marriage of Gray*, 144 Ariz. 89, 90 (1985). McEvoy failed to file a notice of appeal from either hearing, and this court, therefore, lacks authority to address any claim of error arising from those proceedings. *See, e.g.*, *Patterson v. Patterson*, 102 Ariz. 410, 414–15 (1967) (failure to appeal support order deprived the appellate court of jurisdiction).

**B.     The Superior Court Committed No Error at the 2018 Hearing.**

¶12 Having concluded we do not have the authority to address McEvoy's claims concerning the 1999 and 2004 hearings, we now turn to his arguments relating to the 2018 hearing. McEvoy does not challenge the court's decision to maintain his monthly payments, nor could he; the transcript from the 2018 hearing reveals that McEvoy specifically requested the court keep his monthly payments at $80. McEvoy instead argues that the court abused its discretion and violated several of his constitutional rights by denying his motion to supplement and by refusing to consider evidence that he asserted would show that DES had manipulated his outstanding arrearages and interest. Beyond the conclusory assertion that these constitutional rights were violated by the court's actions, however, McEvoy offers no authority to support the argument that these alleged errors rise to the level of constitutional violations.

¶13 This court generally declines "to address issues that are not argued adequately, with appropriate citation to supporting authority." *In re J.U.*, 241 Ariz. 156, 161, ¶ 18 (App. 2016); *see also* ARCAP 13(a)(7)(A) (argument must contain supporting reasons for each contention with citations of legal authorities); *Adams v. Valley Nat'l Bank*, 139 Ariz. 340, 342

(App. 1984) (a deficient brief may result in the dismissal of an appeal). "We hold unrepresented litigants in Arizona to the same standards as attorneys." *Flynn v. Campbell*, 243 Ariz. 76, 83, ¶ 24 (2017). We could decline to address McEvoy's arguments for this reason. However, in the exercise of our discretion, we will review the superior court's actions McEvoy claims were error.

### 1. The Superior Court did not Abuse its Discretion by Denying McEvoy's Motion to Supplement.

**¶14**        McEvoy first asserts the court erred by denying his motion to supplement "based on a procedural page violation," and argues the motion was within the page limits set by Local Rule of Practice for the Superior Court 3.2(f). McEvoy's motion is best characterized as a motion to amend filed under ARFLP 28(a)(2), rather than a motion to file a supplemental pleading under ARFLP 28(d). McEvoy's "Motion to Supplement" did not seek to set forth transactions, occurrences, or events that happened after the date of a prior pleading but instead tried to introduce new facts, allegations, and arguments related to *past* superior court proceedings. *See* ARFLP 28(d). Thus, we will treat the motion to supplement as a motion to amend and review the court's decision to deny the motion accordingly.

**¶15**        We review the superior court's denial of a motion to amend a complaint for an abuse of discretion. *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R. Co.*, 231 Ariz. 517, 519, ¶ 4 (App. 2013). An amendment should be permitted "unless the court finds undue delay in the request, bad faith, undue prejudice, or futility in the amendment." *MacCollum v. Perkinson*, 185 Ariz. 179, 185 (App. 1996). Leave to amend should be granted "[i]f the underlying facts or circumstances . . . may be a proper subject of relief." *Spitz v. Bache & Co., Inc.*, 122 Ariz. 530, 531 (1979) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**¶16**        Contrary to McEvoy's assertions on appeal, the transcript of the 2018 hearing reveals that the court denied the motion to supplement because it raised issues the court had no authority to address, not because it violated the superior court's page-limit rule. After reviewing the motion, the court stated that it "*could* probably reject [the motion] just on the basis that [McEvoy] exceeded . . . the page limit without making an appropriate request to do that," but immediately qualified that statement by explaining the following:

> But . . . I'm not hearing what it is that that's got to do with your petition now to modify the child support, or to terminate it altogether, okay?
>
>      \*   \*   \*
>
> What's before me is your request to either terminate your child support, or modify it. . . . I'm not yet seeing, and you've yet to explain to me how it relates in some way, shape, or form to a decision that was made in this case 20 years ago.

Under these circumstances and having reviewed the motion, the superior court was well within its discretion to deny the motion to supplement. Simply put, it would have been futile to permit McEvoy to supplement or amend his petition. The superior court had no authority, in a hearing on a motion to modify or vacate child support and spousal maintenance, to review or address the claims raised within the motion. *See Tumacacori*, 231 Ariz. at 520, ¶ 12 (futile to permit a party to amend complaint raising claims barred by claim preclusion).

### 2. The Superior Court Did Not Abuse Its Discretion by Refusing to Consider the Arrears Calculation Evidence Submitted by McEvoy on the Day of the Hearing.

**¶17**   Finally, McEvoy argues the court erred by refusing to consider evidence that, in his view, proves DES improperly raised his child support arrearage principal by adding his spousal maintenance arrearages to his child support arrearages.

**¶18**   Barring the exceptions listed in ARFLP 2(b)(1), the Arizona Rules of Evidence generally apply to proceedings governed by the Arizona Rules of Family Law Procedure, including the rules governing the admissibility of relevant evidence. ARFLP 2(b)(2). "In determining the relevancy and admissibility of evidence, the trial judge is invested with considerable discretion." *State v. Hensley*, 142 Ariz. 598, 602 (1984). We review the superior court's determination as to the admissibility and relevance of evidence for an abuse of discretion. *State v. Fillmore*, 187 Ariz. 174, 179 (App. 1996). An abuse of discretion occurs when the court's "exercise of discretion . . . is manifestly unreasonable, exercised on untenable grounds or for untenable reasons." *State v. Woody*, 173 Ariz. 561, 563 (App. 1992) (quoting *Williams v. Williams*, 166 Ariz. 260, 265 (App. 1990)).

**¶19** Near the conclusion of the hearing, McEvoy attempted to introduce into evidence a single page from a 60-page arrears calculation dated July 31, 2017, that he allegedly received from DES. McEvoy claimed the document proved DES had improperly added his outstanding spousal maintenance arrearages to his outstanding child support arrearages. The State objected, arguing that McEvoy had not filed the calculation with the court and that the State had filed an arrears calculation that accurately documented McEvoy's outstanding arrearages. After reviewing the single page offered by McEvoy, the court noted that although McEvoy had referenced the arrears calculation in his petition as an exhibit, he had only attached a cover page listing the exhibits he planned to file in his petition, and not the exhibits themselves. The court then ended the hearing.

**¶20** The record shows that McEvoy did not attach the arrears calculation page to the petition. Moreover, McEvoy only attempted to introduce a single page from a 60-page document, while the arrears calculation filed by the State is complete and shows no increases in McEvoy's child support arrearage principle in 2017. Given this record, we cannot say the superior court abused its discretion by implicitly sustaining the State's objection and refusing to consider the single page from the July 2017 arrears calculation.

## CONCLUSION

**¶21** We affirm the superior court's judgment.

